## Case No. 6,845.

### HUGHES v. BLAKE.

[1 Mason, 515.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1818.[2]

PLEADING—SUFFICIENCY OF THE PLEA—EVIDENCE —PLEA OF FORMER JUDGMENT AT LAW AS A BAR TO SUIT IN EQUITY.

1. Upon a hearing on an issue on a plea in bar to a bill in chancery, no question arises as to the sufficiency of the plea in point of law; it is only necessary to be proved in point of fact.
[Cited in Cottle v. Krementz, 25 Fed. 495.]
[Cited in Wyman v. Campbell, 6 Port. (Ala.) 219; Tucker v. Harris, 13 Ga. 1; Taylor v. Matteson, 86 Wis. 123, 56 N. W. 829.]
[See note at end of case.]

2. The defendant's answer in support of his plea is good evidence; and unless disproved by two witnesses, or by one witness and very strong circumstances, it must prevail in his favor.
[Cited in Hayward v. Eliot Nat. Bank, Case No. 6,273.]
[See note at end of case.]

3. Under what circumstances a plea of a former judgment at law for the same cause of action, is a good bar in equity.
[Cited in Viles v. Moulton, 13 Vt. 514; Sheldon v. Edwards, 35 N. Y. 286.]

[This was a suit by Samuel Hughes against George Blake.] The object of the bill was to recover from the defendant a sum of money arising from the sale of a tract of land, commonly called "Yazoo Lands," alleged to have been effected by the defendant, in the year 1795, as agent of certain persons named in the bill, in which lands the plaintiff claimed to have had an equitable interest, in common with the defendant's immediate principals, and, therefore, as being entitled to a proportion of the proceeds resulting from the sale thereof. It was also charged by the bill, that the defendant had rendered himself distinctly liable for a specific sum of money in virtue of a certain order, having reference to the plaintiff's concern and interest in the lands alluded to, drawn by one Gibson in September, 1796, in favor of the plaintiff, and accepted by the defendant with certain modifications and conditions, as particularly expressed in the

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

[1] [Reported by William P. Mason, Esq.]
[2] [Affirmed in 6 Wheat. (19 U. S.) 453.]

acceptance. The defendant pleaded in bar, both to the relief and discovery sought by the bill, a former verdict and judgment rendered in his favor after a full trial, at the supreme judicial court for the commonwealth of Massachusetts in November, 1810, on a suit at law, commenced against him by the present plaintiff in equity in the year 1804, being long before the exhibition of the present bill, for the same identical causes of action; and denied by the plea, and by his answer given in support of the plea, all the frauds alleged in the bill, and also that any new material evidence, as therein was alleged, had been discovered by the plaintiff subsequently to the rendition of said judgment. To this plea the replication of the plaintiff was the general one in common form, without any impeachment of the record of the former judgment.

On the trial the identity of the causes of action, without the aid of collateral proof, appeared, very clearly, from a comparison of the matters set forth in the bill, with the averments contained in the several counts (eight in number) of the plaintiff's writ; it appearing moreover, that in the trial at law the plaintiff had submitted to the jury, in support of those counts, the depositions of the same witnesses, on whose evidence he now relied for the maintenance of his present bill.

The principal question arising from this state of the case, related to the subject of a certain negotiation respecting the lands before mentioned, alleged in the plaintiff's bill to have taken place between the defendant and one Williams, in the winter of 1814. With regard to the nature of this negotiation, the statement contained in the deposition of Williams, which constituted the only evidence pretended by the plaintiff's counsel to have come to his knowledge, since the rendition of the judgment at law, was explicitly denied by the defendant in his plea, and by his answer under oath in support of the same. Under these circumstances it was insisted, that the evidence of this single witness, (Williams,) even if the facts stated by him were material, (which also was utterly denied,) unsupported as his statement was by any corroborative circumstance, and opposed, indeed, as the counsel for the defendant contended it was, by all the presumptions arising from the nature of the case, could not be received according to the established rules in equity, as sufficient ground for going behind the judgment, and admitting the plaintiff to a second trial of the original merits of his case.

On the part of the plaintiff it was however argued, that owing to a want of technical accuracy in framing his declaration in the suit at law, all the counts therein contained, excepting only the general money counts, were radically defective; that neither of them was sufficient to embrace the entire merits of the case set forth in the present bill; and hence, that any judgment, which might have been rendered thereon in his favor, would have been erroneous and voidable, and consequently, that the judgment now appearing against him, could not be considered a legal bar to his present suit.

On the other hand, the soundness of this position, both with regard to the supposed defectiveness of the declaration, and the legal consequences resulting therefrom in case such defect had appeared in reality to exist, was totally denied by the counsel for the defendant.

Mr. Gorham and D. Davis, Sol. Gen., for plaintiff.

Mr. Blake, Dist. Atty., and Mr. Webster, for defendant.

STORY, Circuit Justice. No question arises in this case on the sufficiency of the plea in point of law; for the parties, by going to issue on the facts alleged in the plea, have waived all considerations of this nature. Mitf. Eq. Pl. 240; Coop. Eq. Pl. 232. It remains, therefore, for the court only to ascertain whether the plea is supported in point of fact. It is admitted by the plaintiff, that the defendant has never received any money on account of the Barrell notes, since the former suit in 1804 was instituted against him. All, that he ever received, was prior to that time. It is also admitted by the plaintiff, that he has no new evidence to offer in support of his original cause of action, beyond what he knew and used in the former suit, except so far as grows out of the compromise made by the defendant at Washington with Mr. Williams, in 1814. As to this compromise, the defendant in his answer in support of his plea, expressly denies, that he ever received any allowance from Williams under that compromise, on account of his liability as bail for Gibson, as charged in the bill. This denial is sufficient to support the plea, unless it is disproved by two witnesses, or by one witness and by other circumstances, which ought to outweigh the defendant's answer on oath. The only witness to sustain the plaintiff's charge is Mr. Williams; and without going farther into the evidence, I do not think his testimony, uncorroborated as it is, can be admitted to have this effect. The grounds of equitable relief averred in the bill being thus removed, the only remaining question is, whether the causes of action in the former and present suit are the same. It seems to me perfectly clear, that they are. Some technical objections have been taken to some of the counts in the declaration in the former suit, which, it is said, would have justified the former verdict, independent of any examination of the merits. It is said, that in five counts on the special contract there is no averment, that any proceeds of the Barrell notes had ever been received by the defendant.

But assuming, that these counts were defective, in not averring a breach of the promise to account for the proceeds of these notes, and alleging, that some money had been received as the proceeds thereof, it is very clear, that the jury could not, under the general issue, have found a verdict for the defendants for this defect. For, if the promise was proved as laid, then the verdict, must have been for the plaintiff, although for the defect in the declaration, the latter might have been held bad on demurrer; or judgment might have been arrested; or the judgment reversed for error. I do not say, that these counts were so defective, that if judgment had passed for the plaintiff, the defendant might have reversed it for error. That is a question, not now necessary to be considered. But I cannot doubt, that if judgment had passed for the plaintiff, and the defendant had paid the money on such judgment, that the defendant might now plead that judgment in bar for the same cause of action, while unreversed, notwithstanding the defect. And if so, I do not perceive, why the defendant also is not entitled to plead a judgment on the same counts in his own favor. Where a cause has been tried on the merits, and judgment has passed thereupon for either party, such judgment, while it remains in force, must be a bar to any other suit for the same cause of action, though the declaration be so imperfectly drawn, that it would not stand the test of a demurrer. Suppose a payment were specially pleaded to such defective declaration, and found for the defendant, would it not be a bar to a second suit? I agree, that it must in such case appear, that the trial was on the merits; for if the cause went off on the technical defect, it would in effect negative the averment, that the causes of action were the same. Here it is clear, that the whole merits were in fact tried; and, so far as I can comprehend them, they might at all events, legally be tried upon the count for money had and received, which is clearly well drawn. The plea must be adjudged to be proved, and a decree entered of a dismissal of the bill.

[NOTE. On plaintiff's appeal, the supreme court, in an opinion delivered by Mr. Justice Livingston, affirmed the decree of the lower court, holding that a replication by the complainant to the plea of the defendant was always an admission of the sufficiency of the plea itself, as much so as if it had been set down for argument and allowed; and that in such case, if the facts relied on by the plea were proved, a dismission of the bill on the hearing would be a matter of course. And it was also held in the same opinion that no decree could be made, against a positive denial of the defendant, of any matter directly charged in the bill on the testimony of a single witness, unaccompanied by some corroborating circumstance. 6 Wheat. (19 U. S.) 453.]