NEW-YORK,
May, 1833.

Holdgate
v.
Clark.

---

## HOLDGATE *vs.* CLARK.

Where a party, three days after the purchase of a lot of land at a sheriff's sale, entered into a bond that within a month thereafter he would give the obligee *peaceable and quiet possession* of the premises, and would indemnify and save him harmless against the claims which the defendant in the execution might have to the lot, *excepting the right to redeem*, and the obligee entered and remained in possession of the lot for 14 months, and then the defendant in the execution sued him for the *use and occupation* of the land during that period and recovered a verdict for $140, *it was held* that the bond was forfeited, and that the obligor having had notice of the suit, was responsible for the amount of the recovery, and for the costs of the prosecution and defence of the suit.

DEMURRER to declaration. The plaintiff declared in debt on a bond in the penal sum of $5000, executed by the defendant to the plaintiff, bearing date the *ninth day of April*, 1827, conditioned to indemnify and save harmless the plaintiff "against all claims either in his own right or in the right of

any other person or persons claiming under or from said Clark; also against any and every claim or claims which *Loring Delano* or any other person or persons claiming under him may have to a certain lot of land, (particularly describing it,) being the same lot or premises now or lately occupied by Loring Delano, *except* as against a mortgage given by the said Delano to Thayre & Thurber, for $600 on the premises above mentioned, *and further excepting* the rights of all persons to *redeem* said premises or any part thereof, under any existing law of this state under a sale of said premises made by the sheriff of the county of Oneida, on the *sixth day of April,* 1827, on an execution against the said Delano in favor of the said Clark; and also against all judgments and mortgages, claims and demands of every name and nature, which would be a lien upon the estate aforesaid up to the date of these presents, except so far as the right of redemption is concerned in the aforesaid sale; and also, that the said Clark will give *peaceable and quiet possession* of the said premises to said Holdgate, with all the appurtenances in good repair as they are *on the first day of May next,* then," &c. After setting forth the substance of the bond, the plaintiff *avers* that on the 1st May, 1827, the defendant gave him possession of the premises, and that he remained in possession thereof for 14 months then next following, during which time no person redeemed the premises; that in August, 1828, *Loring Delano* claiming to be entitled to the rents of the said premises for the said period of 14 months, and that the defendant had no right or title to put the plaintiff in possession of the same, impleaded the plaintiff for the *use* and *occupation* of the said premises during the said period, and such proceedings were had in the said action that at a circuit court holden in and for Oneida in October, 1828, *Delano* recovered a verdict against the plaintiff for the sum of $140 damages and six cents costs, for and in consequence of the use and occupation of the said premises by the plaintiff during the period aforesaid; and that he, the plaintiff, was then and there compelled and did pay the said sum of $140, together with $30 the costs of *prosecuting* the suit, and also was then and there compelled and did pay $25 the costs of defending the said

suit, and that the defendant had notice of the suit prosecuted by Delano, and of all and singular the premises, yet, &c. To this declaration the defendant demurred.

*J. A. Spencer,* for the defendant.

*C. P. Kirkland,* for the plaintiff.

*By the Court,* SUTHERLAND, J.   The only breach assigned in the declaration is, that the plaintiff had been compelled to pay Loring Delano $140, with costs, for the use and occupation of the premises mentioned in the defendant's bond, for the 14 months during which he occupied the same ; and the only question in the case is whether, according to the true construction of the defendant's bond, it indemnifies the plaintiff against a claim of that description.   I am inclined to think it does.   Delano owned the premises in question ; on the 6th day of April, 1827, they were sold under an execution in favor of the defendant and purchased by him ; on the 9th of April, he appears to have sold them to the plaintiff and to have bound himself to give him possession on the first of May ensuing, and gave him the bond on which this suit is brought, which indemnifies the plaintiff against all claims whatever to said premises, (with one or two specified exceptions,) *except the right of all persons to redeem said premises under the existing laws of this state, under the aforesaid sale thereof, made on the 5th day of April,* 1827.   Was the right of Delano to compensation for the use and occupation of the premises during the 15 months, a right or claim to redeem them within the meaning of the above exception ?   It appears to me it was not.   The defendant acquired no right to the possession of these premises, by virtue of his purchase at the sheriff's sale, until the expiration of 15 months thereafter.   Delano, the defendant in the execution, had a right to retain the possession for that period, whether he or any one else redeemed in the mean time or not. His right to the possession, or the use and occupation of the premises, was in no respect dependant upon or connected with the right to redeem, except that they were both secured or

NEW-YORK,
May, 1833.

conferred by the same legislative act. It appears to me to have been the intention of the parties that the plaintiff should be indemnified against all hazards in respect to this property, except those particularly enumerated, and the hazard of their being redeemed. The hazard or contingency of being called upon to pay for the use and occupation during the 15 months, does not fall within that exception.

Judgment for plaintiff, with leave to the defendant to plead on payment of costs.