COLVIN & VAN PATTEN *vs.* CORWIN.

An amendment is allowable in a justice's court by *adding a plea* after issue joined, upon terms.

Upon a plea of *former recovery*, a justice is bound to consider the plea proved, when the cause has been tried before himself and judgment rendered by him, although not formally entered upon his docket.

Demands cannot be split up and several suits brought upon them; a recovery in one of such suits is a bar to a recovery in another.

ERROR from the Onondaga common pleas. Colvin and Van Patten sued out *two* processes of *summons against* Corwin in a justice's court, returnable on the same day. The plaintiffs in each case declared for lottery tickets sold to the defendant, and the defendant pleaded the *general issue.* The parties agreed at a subsequent day to proceed to the trial of the two causes; whereupon one of the causes was called on, and the defendant admitted that he had bought the lottery tickets alleged to have been sold to him by the plaintiffs. The *second* cause was then called. The defendant thereupon asked leave to amend his plea, by adding thereto that the plaintiffs ought not to recover, because the *first suit* and judgment thereon was a bar to a recovery in the second suit; that the demand of the plaintiffs grew out of one transaction, and that such demand could not be severed. The plaintiffs objected to the amendment, but it was agreed between the parties that the justice might reserve the question, and that the defendant might proceed as if the amendment had been allowed. The defendant then admitted that the lottery tickets claimed in the two suits were delivered to him by two different agents of the plaintiffs, at different lottery offices occupied by them, and at different times, but offered no evidence to prove his *amended plea.* The justice returned that, at the time of the second trial, judgment in the *first cause* was not *entered up in his docket,* but he had rendered judgment against the defendant on his admission. The justice rendered judgment against the defendant in the *second cause,* which was *reversed* by the common pleas of Onondaga, on *certiorari.* The plaintiffs sued out a writ of error.

UTICA,
July, 1836.

Colvin
v.
Corwin.

*P. Outwate, jun.*, for plaintiffs in error.

*R. Woolworth*, for defendant in error.

*By the Court*, NELSON, J. The opinion was expressed, and we think upon satisfactory grounds, in the case of *Brace v. Benson*, 10 *Wendell*, 215, that justices' courts possess substantially the same power to allow amendments in the proceeding in causes before them, that appertains to courts of record. The *summons* was considered amendable in that case. Here the defendant, at the adjourned day, asked to amend the pleadings by adding a new plea ; the application was in effect refused by the justice, which is usually allowed in courts of record with or without terms. A difficulty that is supposed to exist, arising out of the 69th section of the justice's act, 2 *R.S.* 238, I am of opinion is not insurmountable ; because the amendment could have been permitted upon the terms that the defendant would consent to a reasonable adjournment, if necessary, in consequence of a new issue, to enable the plaintiff to prepare for the trial. This might have been proper to prevent surprise, as by the above section,where a suit is commenced by summons, the plaintiff can have but one adjournment, not to exceed eight days, and to be applied for at the return of the process, or at joining of the issue if without process. The justice, however, may refuse the amendment, unless further time is given by the defendant. The inexperience of parties, who usually conduct the preliminary legal proceedings in justices' courts, often claims, in the furtherance of justice, the interposition of this power conferred upon the court ; and where the rights and interests of the adverse party are not put in jeopardy by the amendment, as it may be beneficially, so it should be literally exerted. It will frequently prevent manifest injustice, repeated litigation, and, of consequence, costs and expenses to the parties.

The common pleas, no doubt, were of opinion that the justice unreasonably denied the amendment ; or if, as it is contended, he allowed it, then he erred in not deciding that the previous judgment was a bar to the recovery. It is supposed that there was no competent evidence of that judgment before

him. This, I think, is a mistake. He had just pronounced judgment himself, and had it in contemplation of law before him on his docket. By the 2 *R. S.* 269, §245, whenever it becomes necessary, in an action before a justice, to give evidence of his own judgment before him, " *the docket of such judgment* or other proceeding, or a transcript thereof, certified by him, shall be good evidence thereof." Here the docket of the judgment was before him, and if he had concluded in favor of the amended plea, he should have deemed the proof sufficient. For these reasons, I am of opinion the common pleas were right in reversing the judgment, in point of law. The justice of the case also accords with this disposition of it; the splitting up of small demands to multiply suits is strongly discountenanced by this court. It is unnecessary and oppressive.

Judgment affirmed.