GERRISH & BREWSTER, Appellants, *vs.* PRATT & BUNKER Respondents.

A judgment in a former suit for costs only, on the ground that the complaint contained no cause of action, and in which the merits were not litigated, constitutes no bar to a second suit for the same cause of action.

Nor can such judgment be urged in abatement of the second suit after pleading to the merits. The proper way to take advantage of it in the second action, is to move for a stay of proceedings until the first judgment is paid.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

This cause was submitted for trial, to the Court, without the intervention of a jury, and the following is the decision rendered:

"This cause came on to be tried, and a jury trial being duly waived, the same was submitted to the Court for trial and determination.

"And now having considered the proofs and allegations of the parties, I find the following facts, to wit: That on the 12th day of July, 1858, one John Johnston commenced the action set forth in the complaint to recover the possession of the property therein specified. That said property was taken, in and by virtue of said suit, out of the possession of these Plaintiffs, and delivered to said John Johnston; that said Defendants in this action, Pratt & Bunker, executed the undertaking set forth in the complaint herein at the commencement of the action aforesaid; that such proceedings were had in said action, that on the 31st day of December, A. D. 1858, final judgment was rendered therein for the return of the said property to the said Plaintiffs, and for costs in the sum of $26 50 against the said John Johnston; that immediately after the rendition of said judgment the said Plaintiff made due and proper demand of the said John Johnston of a return to them of said property, and served upon him a copy of said judgment, which said return said Johnston refused to make and still so refuses.

"That afterwards, and before the commencement of this action the said Plaintiffs caused an execution to issue in due form in said action to the Sheriff of the proper county, commanding him to take and deliver the property to the Plaintiffs, which execution was duly served upon said Johnston, February 7, 1861, and was returned by Sheriff wholly unsatisfied, as stated in said complaint; that the value of said property was $250 00.

"I further find that on the 11th day of May, 1859, and prior to the commencement of this action, the said Plaintiffs commenced an action in the County of Nicollet and State of

Minnesota, against these Defendants, upon the same undertaking set forth in the complaint herein, which said action was between the same parties upon the same subject matter, and in all respects identical with this action; that such proceedings were had in said action, that on the 14th day of December, A. D. 1859, a judgment was duly rendered in favor of said Defendants and against said Plaintiffs for the sum of $26 45, costs of said suit as set forth in the answer of Defendants herein; that said judgment still remains in full force, unreversed, unsatisfied and unpaid; that judgment was rendered for costs only, and not on the merits involved in said action; that said judgment was rendered on a motion for judgment on the pleadings by said Defendants, and without the introduction of any testimony or the determination of any issue, save only that said Plaintiffs' complaint did not contain a cause of action.

"As conclusion of law, I find that said Defendants are entitled to a dismissal of this action. Wherefore, it is adjudged that said action be, and the same is hereby dismissed."

Whereupon Counsel for Plaintiffs excepted to the conclusion of law as found by the Court upon the facts in the case; and moved that the order for dismissal be set aside, and that judgment be ordered and rendered for the Plaintiffs for the value of the property as found by the Court, and costs of suit.

Points and Authorities for Appellants.

We think judgment should have been ordered for the Plaintiffs upon the facts found by the Court. The former judgment is pleaded in bar, but unless it was rendered upon the *merits* of the action, it furnishes no bar to the new suit for the same cause. A judgment upon demurrer, nonsuit, discontinuance or dismissal, or upon any other technical grounds of the pleadings, furnishes no bar to another action for the same cause.

Where judgment has been given for the Defendant, because of the insufficiency of the Plaintiff's declaration, it is no bar

to another suit for the same cause. *Kendal vs. Talbot,* 1 *A. K. Marsh, Ky.,* 321; *Hamel vs. Lawrence, Ib.* 330; *Stevens vs. Dunbar,* 1 *Blackford,* 56; *Bridge vs. Sumner,* 1 *Pickering,* 371; *Morgan vs. Bliss,* 2 *Mass.,* 111; *Sampson vs. Kedgewin,* 1 *Mod.,* 307; *Hughes vs. Blake,* 1 *Mason Rep.* 515, 519.

The cases are very numerous and uniform that a judgment, in order to be a bar to a subsequent suit between the same parties for the same cause, must have been rendered *upon the merits of the action.* 10 *Sm. & Mar.,* 552; 8 *Pick.,* 113; 13 *Sm. & Mar.,* 584; 1 *Pick.,* 371; 23 *Miss.,* 81; 5 *Greenl.,* 185; 4 *John.,* 222; 2 *Phils'. Evidence, Cowen & Hills & Edwards' Notes, page* 32 *and Note* 267.

Parol evidence, if necessary, is admissible to show that the merits were not involved in the decision upon a former trial, or that the cause of action was not really involved in the former suit. *Parker vs. Thompson,* 3 *Pick.,* 429; *Wood vs. Jackson,* 8 *Wend.,* 9; *Burt. vs. Sterburg,* 4 *Cow.,* 559; 3 *Cow.,* 120; 16 *Johnson,* 136; 9 *Serg. & Rawle,* 424; 2 *Black,* 178; 7 *Cranch,* 565; 3 *Barn., & Cress.,* 239.

I understand from the Counsel of the Respondents that in case his plea of former recovery is not good in bar of the action, he will insist that it shall have the effect of a plea in abatement, upon the ground that the present action cannot be prosecuted until the costs of the former action be paid. This position is not tenable. He has pleaded the former judgment in bar, and it can only have the effect of a plea in bar.

Furthermore, the only means of taking advantage of the non-payment of the costs in the former suit, as affecting the present action, is to move to stay proceedings in this action until the costs in the former action are paid, which has never been done, and it is now too late to make such motion. (*Kentish vs. Tatham,* 6 *Hill,* 372.) And furthermore the answer having set up several other matters in defence besides the former recovery, precludes the Defendants from the benefit of a plea of abatement even if properly set forth as such in the answer. A plea in abatement must be taken in the first instance, and before a general answer upon the merits. An objection in the nature of a plea in abatement, when taken

in the first instance by answer, is waived by an answer upon the merits, nor can such an objection by the Defendant be inserted in a general answer in bar of the action. *Gordon vs. Clark*, 6 *How. Pr. R.*, 449; *King vs. Vanderbilt*, 7 *How. Pr. R.*, 385; *Monteith vs. Cash*, 1 *Smith's Com. Pl. R.*, 412; *Andrews vs. Thorp*, 1 *Smith's Com. Pl. R.*, 615.

Again, where a cause of action has not been disposed of on its merits, and a subsequent action is brought upon the same matters, the proceedings in the subsequent action will not be even stayed until the payment of costs in the former suit. 19 *John.*, 196.

Points and Authorities for Respondents.

1. It would seem reasonable, *on principle*, that a judgment unsatisfied against a party should be a bar to another suit for the same subject matter. This reasonable principle is strengthened in Minnesota by the act of the Legislature. *Pub. Stat.*, *p.* 544, *sec.* 94.

2. We are to treat the case then as if a judgment had been rendered upon the merits. Otherwise a party would be allowed to take advantage of his own wrong, or at least to take advantage of his own neglect and to have the right of a second suit where he had no merits in the first suit. This the law will not countenance. This case is one under the rules and restrictions of the code, and is not governed by the rules of the common law, except so far as the common law furnishes just and proper analogies where the statute has no application. But, at common law, it would not lie.

3. The cases cited from the States of Kentucky and Indiana, under the system of common law pleadings, can hardly furnish proper analogies for the present case, under a practice that may be and no doubt is wholly different. The Indiana Statute, *Rev. Stat.* 1852, *Vol.* 2, *p.* 48, *sec.* 98, is almost, if not precisely, the same as the section of our statute quoted above; and allows one year for relief against "*inadvertence, surprise* or *excusable neglect*," and no more.

And as we have no evidence before us that the cases referred to from *Blackford's Reps.* were made since the revision of

vol vi.—8

the Indiana Statute, we cannot conclude that those citations are pertinent.

Our Statute, *R. S. secs. 1 and 2, Chap.* 81, speaks of all final judgments, and provides how they may be brought into the Supreme Court. This was a *final* judgment and is not brought into this Court in any of the modes pointed out by the statute, but is an evasion of the statute by bringing a new suit after the time limited has expired; which if allowable would make the law entirely nugatory. If such a cause can be sustained, then the statute is simply a dead letter and there would be *no finality* to what the statute has called a *final judgment.* Even the *extraordinary powers* of a Court of Equity could not, in such a case, grant relief; "Because," says Story, "if a matter has been already investigated in a Court of Justice of competent jurisdiction, according to the common and ordinary rules of investigation, a Court of Equity cannot and ought not to take upon itself to enter into the merits of the case. It is bound to presume that all things have been rightfully done; and the maxim applies, *Expedit reipublica, ut sit finis litium.*" (*Story's Eq. Pl.*, § 780, *a*, 782, and cases cited under § 780, *a*.) Where equity would not relieve, it would be allowing too much in a purely legal matter to permit a second trial in the same case in a different district, without taking the proper steps to vacate, set aside or reverse the former judgment. The cases cited from 1 *Blackford*, 56, would be equivalent to a nonsuit. This might or might not prevent the party from suing again on the same demand in a reasonable time, depending upon the particular case; yet this is doubted. But this is not a case of nonsuit. And against this authority we refer the Court to 1 *Greenleaf Ev.*, 531; 3 *Cowen & Hill's notes to Phillips on Ev.*, 838; *Henderson vs. Reeves*, 6 *Blackford*, 101; 20 *Ohio R.*, *Reynolds vs. Stansbury & Burch*, 344; 7 *Cranch*, 565.

*The cases in which former suits do not operate to defeat the second suit are only such as the following*: *a nonsuit, a dismissal,* or a judgment against the Plaintiff on a plea in abatement, a special demurrer for form and the like. 10 *Johns. R.* 363; 1 *Phil. Ev.*, 231; *Cowen & Hill's notes,* 578, 585; 15 *Wend.*, 193.

Our case is not the case of a nonsuit. It is rather a judgment by default on the pleadings and is final unless opened up, appealed from, or corrected in error. 1 *Phil. Ev.*, 320, 358, *and Notes by Cowen & Hill* there referred to. See especially *Note* 558, *pp.* 804, 810.

4. Judgments cannot be impeached except for certain reasons and in a certain way. If for fraud or want of jurisdiction or mistake, they must be impeached by a direct attack and not collaterally, as is sought to be done in this case.

Even in these cases foreign judgments are to be distinguished from domestic judgments; and cases where they may be attacked are confined to third parties. *Silverlake Bank vs. Harding*, 5 `Hammond, 547–8; 11 *Mass. Reps.*, 266.

In Louisiana under the code a different rule prevails. *Cowen & Hill's Notes, Phillip's Ev., Vol. 4, (Part.* II.*) p.* 79.

Smith & Gilman, Counsel for Appellants.

Cox & Bryant, Counsel for Respondents.

*By the Court*—Atwater, J.—The Plaintiffs, Gerrish & Brewster, brought their action on a replevin bond, against the Defendants, which had been executed by them in favor of the Plaintiffs. The Defendants among other things, plead a former judgment in favor of the Defendants, between the same parties and for the same cause of action, in the District Court in and for Nicollet County. The Plaintiffs replied, alleging that in said action the merits were not litigated, but that the said case was disposed of, upon the ground that the complaint did not state facts sufficient in connection with said bond, to constitute a cause of action.

This issue was found in favor of the Plaintiffs, by the Judge who tried the cause, (a jury having been waived,) but judgment was rendered thereon in favor of the Defendants. The Plaintiffs appeal to this Court. The only question here presented is, whether the above plea, being found true, constitutes a good defence.

That a judgment in a former suit between the same parties, and upon the same matters, constitutes a good plea in bar is

too well settled to need argument or the citation of author-- ities. The Plaintiffs here contend, that the matters in issue in the present suit were not litigated in the former suit. With reference to that former suit the Court below has found that the judgment therein "was rendered for costs only, and not on the merits involved in said action ; that said judgment was rendered on a motion for judgment on the pleadings by said Defendants, and without the introduction of any tes- timony or the determination of any issue, save only that said Plaintiffs' complaint did not contain a cause of action." What the defect in the pleadings was, does not specifically appear. If the Court below adjudicated upon the bond itself, and held it void for any reason, that would perhaps form a bar to this ac- tion, while the judgment remained unreversed. But the finding of the Court below precludes the supposition that such was the case, as it is expressly stated that the judgment *was not rendered on the merits involved in said action*. The defect, therefore, it is reasonable to presume, must have consisted in the insufficiency or informality in the statement of the cause of action. If the Plaintiffs in the present suit have stated a good cause of action, it is difficult to see how it can be barred by the proceedings in the former suit, for it appears from the finding of the Court, that not only has it not been litigated, but has not even been presented in Court, as the former judg- ment was for costs only, on the ground that the complaint did not state *any* cause of action. It is true that the suit was between the same parties, and upon the same subject matter, but the matter has not been litigated, nor even pre- sented in a shape that it could be litigated, as the Plaintiffs failed to state a legal claim against the Defendants. Where the cause has gone off upon some defect, which precluded an inquiry into the merits, the judgment is usually no bar to a second action. 4 *Cow. & Hill's Notes to Phil. Ev., p.* 9, *note* 12. In 2 *W. Black.*, 3 *Wils.*, 304, the principle is conceded, that if the real merits of the second action have not been decided in the first, the prior judgment is no bar. I do not think the Plaintiffs here are in any worse position in regard to this former suit, than they would have been had the Defendants demurred to the declaration; and in 1 *Chit. Plead.*, 227, it is

stated that "if the Plaintiff mistake his cause of action, and the Defendant demur, the Plaintiff is certainly not precluded from commencing a fresh action, and may reply to a plea in bar of the judgment on demurrer, that the same was not obtained on the merits," and see authorities there cited, and *Knox vs. Waldborough*, 5 *Greenl. Rep.*, 185, in which it is held that "a decision of the Court in favor of the Defendant, upon an agreed statement of fact, and a nonsuit of the Plaintiff entered, and judgment thereon for the Defendant for his costs, pursuant to such agreement, constitute no bar to a subsequent action for the same cause." And in the text of *Chitty* above cited it is stated that "if the Plaintiff demur to the plea in bar upon the merits, and such plea be sufficient, in that case also no second action can be commenced; but if the plea were not sufficient, and the judgment against the Plaintiff was on the defect in his declaration, the former judgment against him will be no bar." And in 1 *Greenl. on Ev.*, § 529–30, it is stated that "it is only where the point in issue has been *determined*, that the judgment is a bar. If the suit is discontinued, or the Plaintiff becomes nonsuit, or *for any other cause* there has been no judgment of the Court upon the matter in issue, the proceedings are not conclusive. So also, in order to constitute the former judgment a complete bar, it must appear to have been a *decision upon the merits*; but if the trial went off on a technical defect, &c., the judgment will be no bar to a future action." And analogous to the above is the practice in criminal cases, in which if the former acquittal was for want of substance in setting forth the offence, it is no bar to a second prosecution.    3 *Green. Evidence*, § 35.    And see *Hughes vs. Blake*, 1 *Mason*, 515; *Snider vs. Croy*, 2 *John.*, 227; *Seddon vs. Tutop*, 6 *Durn. & East.*, 607; 4 *Durn. & East.*, 147; *Morgan vs. Bliss.*, 2 *Mass.*, 111; *Bridge vs. Sumner*, 1 *Pick.*, 371; 4 *Gill. & Johns.*, 345; *Stevens vs. Dunbar*, 1 *Black.*, 56; *Kendal vs. Talbot*, 1 *A. K. Marsh*, 321; *Hamel vs. Laurence*, *Ib.*, 330; 1 *Mod.*, 307; *Phillips vs. Berrick*, 16 *John.*, 137; *Wheeler vs. Van Houten*, 12 *John.* 311; 8 *Pick.*, 113.

We are cited by Respondents' counsel to *Sec.* 94, *Comp. Stat.*, *p.* 544, but that has no application to the present case. The Appellants seek no relief from the former judgment, nor

indeed does it appear that they are entitled to any, or could have obtained any had they applied within a year from its rendition. If, as the Court has found, no cause of action was set forth in the complaint, the judgment for the Defendants therein was correct. But because the statute requires a party to move within one year in order to be relieved from a judgment, no valid argument can be drawn therefrom, that a party is wholly precluded from commencing a new action, nor that it must necessarily be commenced within one year from the time of rendition of judgment on the former action. The Code has introduced no new rule upon this point, since the statutes of many, if not most of the States, have long contained similar provisions to that above referred to.

Nor do the authorities cited sustain the position assumed by Respondents' counsel. In *Story's Eq. Pl.*, § 780–2, it is stated, that "if the judgment of a Court of ordinary jurisdiction has finally decided the rights of the parties, that judgment may in general be pleaded in bar of a bill in equity." And, "if a matter has been already investigated in a Court of Justice of competent jurisdiction, according to the common and ordinary rules of investigation, a Court of Equity cannot, and ought not, to take upon itself to enter anew into the merits of the case." The author here only says that where a Court has *"finally decided the rights of parties,"* such fact will constitute a good plea in bar to a bill in equity. And that "if a matter has been already investigated, that a Court of Equity cannot and ought not to take upon itself to *enter anew into the merits of the case."* The doctrine here stated is undoubtedly well settled law, but not applicable to the case at bar, since it is manifest that no Court has finally decided the rights of these parties, nor is the Court asked to enter *anew* upon the merits, since the merits were not considered by the Court in the former action. The case in 7 *Cranch,* 565, only decides that a record of former recovery, supported by parol proof that the former suit was for the same cause of action, is admissible under the general issue. In *Hess vs. Beekman,* 11 *John,* 457, the Defendant pleaded a former suit before the same justice, between the same parties for the same cause of action, in which the merits of the

Plaintiffs had been fairly entered into, &c.    The Court say, "in this case there was no jury on the former trial; but the merits were fairly entered into and investigated and finally submitted to the justice," and the Plaintiff was held concluded by the former trial.    No further statement is needed to show the difference between that case and the present. And the cases cited by the Court in that case (5 *John.*, 346, 2 *John*, 181, *Ib.*, 191,) are equally inapplicable.    In both the last named cases, the Court held the plea of former recovery good, on the ground that the *same matter* had been *litigated.* And in 5 *John*, 346, the only point decided was, that a Plaintiff in a Justice's Court may withdraw and be nonsuited, before the jury give their verdict.    The cases in 15 *John.*, 129, 432, and 15 *Wend.*, 557, and 5 *Hill.*, 408, are not applicable to the case at bar.    And in short, we find no case where it has been decided, that a judgment in a former suit, in which the merits have never been submitted to a Court or jury, but which has gone off upon a defect in the statement of the cause of action in the declaration, constitutes a bar to a second action.

The judgment below is reversed and a new trial granted.

FLANDRAU, J.—The former suit and judgment was no bar to the present action, as my brother Atwater has clearly shown.    But it appears from the Appellants' brief that the Defendants insisted in the Court below that the plea, if not good as a bar, could be urged in abatement so long as the former judgment was unpaid.    Even if this unpaid judgment for costs could have been pleaded in abatement under any circumstances, the Defendants have waived such plea in this case by pleading to the merits.    *Gordon vs. Clark*, 6 *How. Fr. R.*, 449; *Graham's Prac.*, 2d *Ed.*, 224.    The proper way to have taken advantage of the former judgment was to move for a stay of proceedings in this action until the same was paid. *Kentish vs. Totham*, 6 *Hill.*, 372; *Perkins vs. Hinman*, 19 *John.*, 237; 1 *Cow.*, 138; 3 *Cow.*, 22; *Id.*, 381.