VEGA ET AL., PLAINTIFFS AND APPELLANTS, *v.* RODRÍGUEZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Arecibo in an Action to Annul Possessory Title Proceddings, etc.

No. 1081.—Decided July 31, 1914.

RES JUDICATA.—In accordance with section 1219 of the Civil Code in relation to sections 59, 60 and 61, of the Law of Evidence of March 9, 1905, in order that the presumption of *res judicata* may exist between two actions there must be identity of things, causes and parties.

ID.—JUDGMENT ON DEMURRER.—Even supposing that there is an identity of causes, things and parties between two actions, a judgment based on a ruling sustaining a demurrer to the complaint on the ground that the latter is ambiguous and uncertain does not produce the effect of *res judicata* when this is the only point decided which can be considered as *res judicata.*

JUDGMENT ON DEMURRER—CORRECTION OF DEFECT.—When a judgment is based on a ruling sustaining a demurrer on the ground that the complaint is ambiguous and uncertain and it is not decided that the original complaint did not state facts sufficient to constitute a cause of action, the defect may be cured by filing another complaint alleging anew the same facts and correcting the defect contained in the original complaint.

ID.—RES JUDICATA.—In order to determine whether a final judgment rendered on the sustaining of a demurrer to the complaint produces the effect of *res judicata,* it must be considered whether the demurrer went to the merits of the action and whether the cause of action is the same, for, in the absence of either of these requisites, the judgment does not constitute *res judicata.*

EJECTMENT—DESCRIPTION OF PROPERTY—POSSESSION.—In an action of ejectment it is not enough to describe the property sought to be recovered. It must be shown in addition that the property is in the possession of the defendant and this has not been proved in the present case.

POSSESSION—PRESUMPTION.—Pursuant to section 450 of the Civil Code, one who is in possession as owner has in his favor the legal presumption that he holds under just title and cannot be required to show the same.

HEREDITARY PROPERTY.—The proper proceeding for recovering a hereditary interest in the property of an ancestor upon his death, either testate or intestate, is that prescribed by the Law of Special Legal Proceedings of 1905.

The facts are stated in the opinion.

*Mr Juan de Guzmán Benítez* for the appellants.

*Mr. José Martínez Dávila* for respondents Telesfora and Petrona Rodríguez.

*Mr. H. H. Scoville* for respondent Nathaniel P. Tyler.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Arecibo on February 14, 1913, dismissing the complaint in all its parts, with costs and disbursements against the plaintiffs.

After setting up several facts in the complaint tending to show that the plaintiffs, together with all the defendants except Nathaniel P. Tyler, are the successors in interest of the spouses Miguel Vega y Pino and Manuela Marrero, the latter having died on August 23, 1839, and the former on January 1, 1851, it is alleged that by a public deed executed on September 29, 1836, Miguel Vega y Pino, during his wedlock with Manuela Marrero, acquired a certain rural property described in the complaint consisting of a *caballería* (200 *cuerdas*), more or less, of land in the ward of Sabana Seca, now known as "El Coto" of the municipal district of Manatí; that first Manuela Marrero and later Miguel Vega y Pino having died, José María Vega y Pino, the testamentary executor named by the latter, was in charge of the said property; that the said executor having died a few years later, defendants Telesfora and Petrona Rodríguez y Vega, as co-owners and coheirs of Miguel Vega y Pino and his wife,

Manuela Marreró, came into possession of the said property, Telesfora cultivating and using the property for her own exclusive benefit without delivering to the other co-owners their proportionate shares of the property or of its products; that under an agreement with defendant Nathaniel P. Tyler and for the purpose of conveying to him 100 *cuerdas* of land (also described in the complaint) of the 200 *cuerdas* which formed the property in question, Telesfora Rodríguez Vega instituted proceedings in her own name in the Municipal Court of Manatí to establish her possessory title to the said 100 *cuerdas* of which she had been in possession for more than eight years as heir of her grandfather, Miguel Vega, and the said court approved her possessory title on October 18, 1906, without prejudice to the rights of third parties, which possessory title was recorded in the Registry of Property of Arecibo in the name of Telesfora Rodríguez Vega; that by a public deed of April 3, 1907, the said Telesfora Rodríguez sold the 100 *cuerdas* referred to in the possessory title proceedings to defendant Nathaniel P. Tyler who recorded his possessory title in the registry of property knowing that the vendor was not the owner of the land; that Telesfora Rodríguez Vega has been in possession and continues in possession of the remainder of the property, or the other 100 *cuerdas* also described in the complaint, using the products thereof contrary to the wishes of the other co-owners, and that since the year 1898 the net profits derived by Telesfora Rodríguez from the property have been not less than $4,200, of which $1,800 corresponds to the 100 *cuerdas* sold to defendant Nathaniel P. Tyler up to the date of the sale and $2,400 to the rest of the original property in the possession of defendant Telesfora Rodríguez, while the 100 *cuerdas* purchased by Tyler, who has been working the same from the year 1907 although aware that the property does not belong to him, has netted him more than $1,000 yearly, or not less than $3,500.

The complaint concludes with the prayer that judgment be rendered containing the following pronouncements:

(1) That the property described in the complaint including the part in the possession of Telesfora Rodríguez as well as the part now held by defendant Nathaniel P. Tyler, with all appurtenances, is the sole and exclusive property of the heirs and successors in interest of the spouses Miguel Vega y Pino and Manuela Marrero, or all of the parties to the present action, both plaintiffs and defendants, with the exception of Nathaniel P. Tyler, in the proportion to which their respective hereditary rights entitle them, and that the records necessary to determine such interests be entered in the Registry of Property of Arecibo.

(2) That the possessory title proceedings brought by defendant Telesfora Rodríguez Vega, the recording thereof in the Registry of Property of Arecibo, the deed of sale in favor of Nathaniel P. Tyler and also the record of the same in the said registry, are null and void, and that the said records be wholly canceled.

(3) That both the 100 *cuerdas* in the possession of defendant Nathaniel P. Tyler as well as the remainder of the property held by defendant Telesfora Rodríguez y Vega, with all appurtenances, be delivered to the present heirs and successors in interest of the spouses Miguel Vega y Pino and Manuela Marrero as the sole owners thereof.

(4) That defendants Telesfora Rodríguez y Vega and Nathaniel P. Tyler indemnify the heirs and successors in interest of Miguel Vega y Pino and Manuela Marrero in the sums of $4,200 and $3,500, respectively, or such sums as may be considered just, for the damages sustained by them and for the profits of which they have been deprived.

(5) That the defendants opposing this action be adjudged to pay the costs thereof.

Defendants Telesfora Rodríguez and Petrona Rodríguez Vega answered the complaint denying all the allegations and pleading *res judicata* on the ground that there is an identity

of persons, things and causes between this action and another decided by the District Court of Arecibo on July 15, 1910, which judgment was affirmed by this court on appeal on March 6, 1911.

It is to be observed that the following allegation, which we transcribe literally, appeared in the answer:

"That the defendants do not hold and have not held any property belonging to the plaintiffs, but that the property of which they are in possession was inherited from their grandfather, Miguel Vega, and they allege further that even if said Vega or they themselves had held property belonging to the plaintiffs, their right thereto has prescribed."

Defendant Nathaniel P. Tyler also answered the complaint denying all the facts on which it was based, and in addition to the plea of *res judicata* alleged that he had acquired ownership by prescription under section 1858 of the Civil Code and that the action of ejectment had prescribed pursuant to section 1860 of the same code.

Three of the plaintiffs, namely, Jacobo Jaime Menéndez Rodríguez, Manuel Menéndez and Fernando Hilarión Medina y Rodríguez, withdrew from the action with the consent of the court. Defendants Federico Calaf y Rivera and Francisco Casellas y González, who were summoned personally, did not appear and default was entered against them.

The trial having been held the court rendered judgment in the terms already mentioned.

From the evidence introduced at the trial it appears that on April 1, 1909, the present plaintiffs filed an amended complaint in the District Court of Arecibo against the present defendants for the partition and distribution of hereditary property, the rescission of sales and the cancellation of records, the fundamental allegations of the action being identical to those upon which the present action is based, although the facts relied on to determine the status of the plaintiffs as successors in interest of the spouses Miguel Vega y Pino

and Manuela Marrero, were not drawn up in the same form.

The defendants demurred to the said amended complaint on the ground that it did not state facts sufficient to constitute a cause of action and that it was ambiguous and uncertain, on which demurrer the court ruled as follows:

"As to the first ground of demurrer, it is observed that while in the seventh allegation of the complaint referring to intestate transmission of inheritance the complaint says, 'which designations will be. duly presented,' this language is very vague, for the court has no means of knowing whether it is meant thereby that petitions for the designation of heirs will be filed in the court during the pendency of this action or that the designation of the interested persons as heirs will be shown by the proper records of designation.

"In the first case, the first ground of demurrer would be sustained and in the second case it would not. Therefore, a doubt exists as to what the plaintiff desired to say.

"The court considers that the second ground of demurrer conforms to the law and therefore it is sustained. Arecibo, May 10, 1910. Ramón Quiñones, Judge."

Two months later, or on July 15, 1910, the same defendants, with the exception of Federico Calaf, filed a motion in the court, in which after invoking the decision referred to and the fact that the plaintiffs had not amended the complaint nor asked leave to amend the same notwithstanding the time that had elapsed, they prayed the court to render final judgment in the case in favor of the defendants or grant a nonsuit with costs against the plaintiffs, whereupon the court, on July 15, 1910, made the following ruling:

"After hearing the motion filed by Attorney José C. Rodríguez Cebollero in the name of the defendants, with the exception of Federico Calaf, praying for final judgment in this case in favor of the defendants because more than two months have elapsed since the demurrer was ruled on and the plaintiffs have not amended their complaint or moved for leave so to do.

"Judgment. That the facts and the law favor the defendants and the complaint is therefore dismissed with costs against the plaintiffs. Arecibo, July 15, 1910. Ramón Quiñones, Judge."

This judgment having been appealed from, it was affirmed by this court by its judgment of March 6, 1911.

The parties represented at the trial agreed that the plaintiffs and defendants in both actions are identical, with the exception of Tulio Rodríguez y Marín, who was not a party to the original action, and that the property in controversy in both actions is the same.

On the basis that there is identity of persons, things and causes in both actions, let us see whether the judgment rendered by the District Court of Arecibo on July 15, 1910, will support the plea of *res judicata* in the second action, which is the one now under consideration.

Section 1219 of the Civil Code reads as follows:

"* * * In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence (*sic*) and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such * * *."

Section 101 of the Evidence Act of 1905, in its pertinent part, reads as follows:

"Section 101.—The following presumptions, and no others, are deemed conclusive:

*     *     *     *     *     *     *

"6. The judgment or order of a court, when declared by this code to be conclusive; but such judgment or order must be alleged in the pleadings, if there is an opportunity to do so; if there is no such opportunity, the judgment or order may be used as evidence."

Sections 59, 60, 61 and 62 are also pertinent to the plea of *res judicata* and read as follows:

"Section 59.—The effect of a judgment or final order in an action or special proceeding before a court or judge of Porto Rico or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:

"1. In case of a judgment or order against a specific thing or in respect to the probate of a will, or the administration of the estate

of a decedent, or in respect to the personal, political or legal condition or relation of a particular person, the judgment or order is conclusive upon the title· to the thing, the will, or administration, or the condition or relation of the person.

"2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding.

"Section 60.—Other judicial orders of a court or judge of Porto Rico, or of the United States, create a disputable presumption, according to the matter directly determined, between the same parties ana their representatives and successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity.

"Section 61.—The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, though other parties were joined with both or either.

"Section 62.—That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, ·or which was actually and necessarily included therein, or necessary thereto."

Now, section 59 of the Evidence Act, which we have cited, is similar to section 1908 of the Code of Civil Procedure of California, and in construing that section the Supreme Court of the said state has laid down the following doctrine:

"Whether a final judgment for the defendant, rendered on a demurrer to the complaint, can be pleaded in bar of a subsequent action between the same parties, depends upon two questions: First, whether the demurrer went to the merits of the action; and second, whether the cause of action is the same. If either of these conditions be wanting, the judgment on demurrer does not bar another action." *Terry* v. *Hammonds,* 47 Cal., 35.

The same court in the case of *City of Los Angeles* v. *Mellus,* 59 Cal., 452, expressed itself as follows:

"Are the two complaints substantially the same and is the final judgment on the demurrer to the first complaint a bar to a recovery

in the second action? We are of the opinion that the complaints
are not the same and that the judgment is not a bar. It is said by
Mr. Freeman in his work on Judgments, Section 267, that 'a judg-
ment on demurrer to the plaintiff's complaint is conclusive of every-
thing necessarily determined by such judgment. If the court decides
that plaintiff has not stated facts sufficient to constitute a cause of
action, or that his complaint is otherwise liable to any objection urged
against it upon demurrer, such decision does not extend to any issue
not before the Court on the hearing of the demurrer. It leaves the
plaintiff at liberty to present his complaint in another action so
amended in form or in substance, as to be no longer vulnerable
to the attack made in the former suit.' To the same effect is the
decision of the Supreme Court of the United States in the case of
*Gilman* v. *Rives,* 10 Pet., 301, in which Mr. Justice Story, deliver-
ing the opinion of the Court, said: 'The objections may be urged,
that the judgment upon a general demurrer in this case, will be a
good bar to any further suit brought against the present defendant
upon the same debt, or against him and the other judgment debtors.
We are of a different opinion as to both, if the declaration be prop-
erly framed; for a judgment that a declaration is bad in substance
(which alone, and not matter of form, is the ground of a general de-
murrer), can never be pleaded as a bar to a good declaration, for
the same cause of action. The judgment is in no just sense a judg-
ment upon the merits. If authority be wanting for this position, it
will be found in the case of *Lampen* v. *Kedgewin,* 1 Mod., 207,' and
the Supreme Court of Kentucky in the case of *Birch, etc.,* v. *Funk,*
2 Metc., 547, says: 'This principle has been repeatedly recognized
and acted on by this Court. In the case of *Kendall* v. *Talbot,* 1 A. K.
Marsh, 321, it was held that a judgment rendered for the defendant
on the ground of the *insufficiency of the plaintiff's declaration* cannot
be a bar to another action *founded on the same contract.'* See also
*Thomas* v. *Hite,* 5 B. Mon., 594. The same doctrine is announced
by the Supreme Court in the case of *Gerrish et al.* v. *Pratt et al.,* 6
Minn., 61, and also in the case of *Terry* v. *Hammond,* 47 Cal., 32.'"

Applying the foregoing statutory provisions and juris-
prudence to the case at bar, we must reach the conclusion
that the judgment rendered by the District Court of Arecibo
in the first action on July 15, 1910, does not involve a pre-
sumption of *res judicata,* for that judgment was not rendered

on the basis that the facts stated in the complaint did not constitute a cause of action, but on the ground that the complaint was insufficient, unintelligible and uncertain, this being the only point decided which would warrant the plea of *res judicata*.

That defect, which is plain, being corrected and no decision having been rendered that the original complaint did not state facts sufficient to constitute a cause of action, there is nothing to prevent the filing of a new complaint alleging anew the same facts and correcting, as was done, the defect which caused the decision of July 15, 1910.

The plea of *res judicata* cannot be sustained in the present case and the judgment cannot be affirmed on that ground, although it may be for other reasons stated by the lower court in its opinion, from which we quote the following:

"Nor do the plaintiffs establish the identity of the property described in the thirtieth allegation of the complaint as having been acquired by Miguel Vega y Pino in the year 1839, in the conclusive and efficient manner required in actions of ejectment, and much less that the property which was the subject of the possessory title proceedings and was acquired by defendant Tyler in the year 1907 and is described in the thirty-third allegation, forms a part of the property described in the thirtieth allegation, or of that described in the thirty-ninth allegation which is alleged to belong to defendant Telesfora Rodríguez."

We find that the foregoing finding of the lower court conforms to the evidence.

It has been shown that during the conjugal partnership with his wife, Manuela Marrero, and by public deed of September 29, 1836, Miguel Vega y Pino acquired the property of one *caballería* of land, more or less, in the ward of Sabana Seca of the Municipal District of Manatí, as described in the complaint. It has been shown also that Telesfora Rodríguez instituted possessory title proceedings in the Municipal Court

of Manatí to establish her possessory title to the 100 *cuerdas* of land also described in the complaint, which proceedings were approved by the said court and recorded in the Registry of Property of Arecibo. There is likewise evidence to show that Telesfora Rodríguez sold the said 100 *cuerdas* to the other defendant, Nathaniel P. Tyler, who recorded his title in the said registry. But there is no evidence to show that the said 100 *cuerdas* form a part of the property acquired by Miguel Vega y Pino in the year 1836.

In her answer the defendant denied that she was in the possession of any property belonging to the plaintiffs, and pursuant to section 108 of the Evidence Act, the burden was on the plaintiffs to prove their averment.

According to section 450 of the Civil Code, the possessor who believes himself owner has in his favor the legal presumption that he possesses under a just title and he cannot be compelled to show the same.

The testimony of defendants Telesfora and Petrona Rodríguez Vega that they inherited the properties which they possess from their grandfather, Miguel Vega, does not warrant the deduction that said properties form a part of the property claimed by the plaintiffs as belonging to their ancestor, Miguel Vega, for it is not shown that Vega had only the one property which the plaintiffs claim, and therefore it may be that the property referred to by Telesfora and Petrona Rodríguez is not the same property now the subject of litigation.

In an action of ejectment it is not sufficient to describe the property sought to be recovered. The property must be shown also to be in possession of the defendants. Evidence to that effect has not been presented in the present case.

Besides, the plaintiffs, according to the allegations and prayer of the complaint, seek to recover a property of their

ancestors, Miguel Vega y Pino and Manuela Marrero, in the proportion belonging to them by virtue of their respective hereditary interests, together with a proper indemnity for the damages sustained and the profits of which they have been deprived, and we think the proceeding taken is not the proper one to attain the object sought.

In support of our opinion, we quote below what was said in deciding the case of *Trinidad et al.* v. *Succession of Trinidad et al.*, 19 P. R. R., 616.

"A judgment in favor of the plaintiffs in the case at bar would be equivalent to deciding that the Act of 1905 relative to special legal proceedings could be dispensed with at the volition of any litigant.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"In the case at bar the plaintiffs have failed to proceed according to these well-planned and wisely-adapted proceedings, and by the simple filing of a complaint and introduction of the evidence referred to to seek to obtain a decree declaring them to be the owners of an undivided third part of the estate described by them, which estate has passed almost in its entirety to the possession of persons other than the heirs of María del Pilar Trinidad by virtue of deeds of sale recorded in the registry of property.

"Perhaps the plaintiffs have not received the property to which they are justly and lawfully entitled, but if this be so, the proceedings chosen by them are not proper to secure a recognition of their rights.

"In cases of this kind the true personality of the successors of the deceased must first be legally established.

"When the inheritance is testate, as in the present case, and an executor is appointed by the testator, it is the duty of such executor to execute the will of the testator. If the executorship terminates before the will of the testator has been complied with (sections 884 and 885 of the Revised Civil Code), the execution of the will of the testator devolves upon the heirs. If these act together in common agreement, having the necessary civil capacity, and proceed in good faith, judicially or extrajudicially, the solution is a just and easy one. If they do not so act and difficulties arise, proceedings should

be instituted in the proper district court which will supervise the proceedings and apply the law governing the case.

"An inventory should be made of the estate and the estate should be administered in the form prescribed by law. If the estate or any portion thereof should be found in the possession of persons having no right thereto, the proper legal proceedings should be instituted to recover the same for the benefit of the heirs and after the debts of the decedent have been properly investigated and paid when due, or sufficient property has been set aside for the payment thereof, the partition of the estate should be proceeded with and each heir adjudicated his proper share.

"The very nature of the estate shows, therefore, the necessity of special provisions to govern the same, and when such special provisions exist they should be complied with and litigants should not seek to elude them as the plaintiffs have sought to do in the present case."

The foregoing doctrine is especially applicable to the present case inasmuch as the plaintiffs do not include all the successors in interest of Miguel Vega y Pino and Manuela Marrero and some of them have withdrawn from the action brought and have not appeared as defendants.

For the foregoing reasons the judgment appealed from is affirmed without prejudice to the right of the plaintiffs to bring the proper action to recover the part of the estate of Miguel Vega y Pino and Manuela Marrero to which they may be entitled.

> *Judgment affirmed without prejudice to rights of plaintiffs to claim their interest in the estate of their ancestor in proper form.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.