GREEN RIVER DISTILLING COMPANY, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

First Department, July 1, 1921.

Insurance — liability insurance — action by insured to recover from insurer cost of having attachment discharged — insurer liable on policy limiting liability but obligating it to pay all costs and expenses incident to settlement of claims — liberal construction of policy — cost of discharging attachment cannot be apportioned between parties.

Where the liability of the insurer in an automobile insurance policy was limited, but it undertook to pay all costs and expenses incident to the investigation, adjustment and settlement of claims and to defend against all authorized proceedings, a fair and reasonable construction of the policy imposed upon the company the duty of defending the insured, a foreign corporation, against a warrant of attachment and it having failed to perform that duty, the insured is entitled to recover the amount which it paid to procure a bond to have the attachment discharged and the poundage fees paid to the sheriff.

The insurer prepared the policy and was at liberty to limit its liability in any manner, and the policy should, therefore, be construed liberally to afford the insured the indemnity which it was warranted in believing that it was obtaining thereby.

Though the demand in the negligence action against the plaintiff herein was for an amount in excess of the amount of the policy, the cost of discharging the attachment should not be apportioned between the parties in proportion to their respective liabilities, for the policy did not contemplate any apportionment of necessary costs and expenses.

APPEAL by the plaintiff, Green River Distilling Company, from a determination and order of the Appellate Term of the

Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 21st day of December, 1920, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff.

*J. G. Milburn, Jr.* [*Rush Taggart, Jr.,* with him on the brief; *Carter, Ledyard & Milburn,* attorneys], for the appellant.

*Edgar J. Treacy,* for the respondent.

LAUGHLIN, J.:

Plaintiff and defendant are both foreign corporations duly authorized to do business here and each had an office in the city of New York for the transaction of its business. On the 21st of March, 1919, defendant issued an automobile liability policy on an automobile truck owned by the plaintiff which it used in its business. On the 27th of June, 1919, the truck, while in use by the plaintiff, struck and fatally injured one Eggert, in the borough of Brooklyn. Eggert's administrator brought an action in the Supreme Court in Kings county against the plaintiff to recover $25,000 for negligently causing the death of Eggert. Plaintiff duly notified defendant and transmitted to it the summons and complaint as required by the policy and, as provided in the policy, defendant undertook the defense of the action. Thereafter and on the 21st of October, 1919, plaintiff in that action procured a warrant of attachment against the defendant therein on the ground that it was a foreign corporation and thereunder attached its funds in excess of $25,000. Plaintiff herein duly notified defendant of the service of the attachment and transmitted to it the attachment papers and demanded that it take the necessary steps to have the attachment vacated or discharged. This defendant refused to do and plaintiff employed counsel and moved to have the attachment vacated or reduced. The motion to vacate was denied but the attachment was reduced to $12,500 and was then discharged and the property released on a surety bond procured by the plaintiff at an expense of $250 for the premium and the payment of $300 to the sheriff

as poundage fees. Plaintiff demanded that the defendant reimburse it for those items, and on its refusal brought this action in the Municipal Court to recover the amount with interest. The issues were tried before the court without a jury and the plaintiff was awarded a judgment from which the defendant appealed and the Appellate Term reversed the judgment and dismissed the complaint.

After the attachment was thus discharged, the action in which it was granted was settled for $4,000 and the defendant paid $3,000 and plaintiff $1,000 to avoid the risk of a recovery in excess of defendant's indemnity liability, which was only for $5,000.

By the 1st paragraph of the policy, defendant agreed to indemnify plaintiff, subject to the limits thereinafter specified, against loss from liability imposed by law upon it for damages on account of bodily injuries or death accidentally suffered by any person or persons, other than employees of the plaintiff, within the United States and Canada by reason of its ownership, maintainance or use of the automobile truck within the period specified in the policy. By paragraph C of the policy, in the event of a suit brought to enforce a claim for damages on account of an accident covered by the policy, plaintiff was obligated to forward to the defendant immediately " every summons or other process as soon as the same shall have been served," and defendant was obligated at its own cost and subject to limitations contained in paragraph L to " defend or at its option settle such suit in the name and on behalf of the assured." Paragraph L, among other things, limited the defendant's liability to $5,000 for bodily injuries to or the death of one person and further provided as follows: " In addition to the limits specified above, the Company will pay all costs and expenses incident to the investigation, adjustment and settlement of claims, and all costs taxed against the Assured in any legal proceedings defended by the Company, and all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the limits of the Company's liability as herein expressed resulting from claims upon the Assured on account of bodily injuries and or death, as aforesaid; but the Assured shall not voluntarily assume any liability, nor shall the Assured without the written consent

of the Company previously given, incur any expense, or settle any claim, except at his own cost, or interfere in any negotiation for settlement, or in any legal proceeding; except that the Assured may provide, at the Company's expense, at the time of the Accident, such immediate surgical relief as is imperative." It will be observed that although the liability of the defendant for damages was limited, it undertook to pay *all* costs and expenses incident to the investigation, adjustment and settlement of claims. Defendant contends that the attachment resulted from the plaintiff being a foreign corporation and not from the nature of the action and that, therefore, it was not liable for the expenses incurred by the plaintiff in defending the attachment. Defendant, however, knew that the plaintiff could not be incorporated in all of the States and is chargeable with knowledge when it issued the policy that in such an action in this State, an attachment might be issued. That it undertook to defend against all authorized proceedings in such an action is evidenced by the fact that it required the plaintiff to forward to it every summons or other process as soon as served. Defendant prepared the policy and was at liberty to limit its liability in any manner. The policy should, therefore, be construed liberally to afford the assured the indemnity which it was warranted in believing that it was obtaining thereby. (*Dilleber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Wadsworth* v. *Jewelers & Tradesmen's Co.*, 132 Id. 540; *Brewster* v. *Empire State Surety Co.*, 145 App. Div. 678; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235.) I am of opinion that the fair and reasonable construction of the policy imposed upon the defendant the duty of defending plaintiff against the attachment, and it having failed to perform that duty, plaintiff is entitled to recover the reasonable and necessary expenses to which it was subjected in conducting the defense itself. (*Cassidy* v. *Taylor Brewing & Malting Co.*, 79 App. Div. 242; *Holdgate* v. *Clark*, 10 Wend. 215.) It is further contended in behalf of the respondent that in any event such expenses should be apportioned between the parties in proportion to their respective liabilities for the amount claimed on the attachment, but manifestly, for the reasons already stated, that claim is untenable, for the policy did not contemplate any apportionment of neces-

sary costs or expenses. It follows that the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination reversed and judgment of Municipal Court affirmed, with costs to plaintiff, appellant, in this court and in the Appellate Term.