## COTTLE *v.* KREMENTZ and another.

*(Circuit Court, S. D. New York. November 13, 1885.)*

1. PATENTS FOR INVENTIONS—PARTIES TO SUIT FOR INFRINGEMENT—LICENSEE.
    Where it appears that complainant in a suit for infringement of a patent has a license to use the patent for a specified purpose only, and that the legal title is in another who is not joined as a party, the suit cannot be maintained.
2. EQUITY PLEADING—REPLYING TO PLEA.
    Where a complainant in equity, instead of setting down the defendant's plea for argument to test its sufficiency, elects to reply thereto, denying the facts alleged, he admits its sufficiency, both in form and substance, as a defense to all the matter of the bill to which it is pleaded; and if the facts upon the proofs taken are established, the bill will be dismissed.

In Equity.

*W. H. L. Lee,* for complainant.

*G. G. Frelinghuysen* and *Frederic H. Betts,* for defendants.

COXE, J. The bill alleges that on the fourth of January, 1876, one Robert Stokes, being the inventor of an "improvement in busk fastenings," duly made application for a patent; that, prior to the granting of letters patent, Stokes duly assigned to Thomson, Langdon & Co. the full and exclusive right to the said invention; that letters

patent were in due form of law issued and delivered to Thomson, Langdon & Co., as assignees, whereby there was granted to them for the term of 17 years the exclusive right to make, use, and vend the invention throughout the United States and territories; that by an assignment in writing, duly recorded, the said letters patent became vested in the complainant so far as the same in any way affected making, using, and selling gold and silver jewelry, and gold and silver plated jewelry, together with the right, limited as before, to sue for and collect damages, profits, and royalties for past infringements. The bill prays for an injunction and an accounting. The defendants interpose a plea to certain portions of the bill, alleging that the assignment to complainant from Thomson, Langdon & Co. merely made him a licensee, and did not vest in him the title to said letters patent to such an extent as to enable him to maintain an action in equity as sole complainant, and that the owners of the patent are necessary parties. The complainant filed a replication, and testimony was taken upon the issue thus framed. The counsel for the complainant offered in evidence the letters patent and the assignment from Thomson, Langdon & Co. It therefore appears, and the court must deal with facts thus legally presented, that the complainant has a license to use the patent for a specific purpose; that the legal title is in Thomson, Langdon & Co., and that the complainant cannot maintain this action alone. This view is, it is thought, supported by a number of controlling authorities. *Gamewell Fire-alarm Tel. Co.* v. *City of Brooklyn,* 14 Fed. Rep. 255; *Wilson* v. *Chickering,* Id. 917; *Ingalls* v. *Tice,* Id. 297; *Gayler* v. *Wilder,* 10 How. 477; *Nellis* v. *Pennock Co.,* 13 Fed. Rep. 451; *Nelson* v. *McMann,* 16 Blatchf. 139.

The complainant's opposition to the contention of the defendants is based principally upon the theory that they have mistaken their remedy. No authorities are cited to uphold the proposition that the action can be maintained in its present form, but it is insisted that the question should have been raised by demurrer, and not by plea. The weight of authority seems, however, to point to the conclusion that if the complainant intended to rely upon the objection that the plea was not the proper remedy, he should have set the plea down for argument, and not filed a replication. In *Myers* v. *Dorr,* 13 Blatchf. 22, Judge WOODRUFF, at page 26, clearly states the rule as follows:

"The complainant has thought proper, by replying to the plea, to put its averments in issue. The rule is elementary, and is well settled, that when a complainant in equity, instead of setting down the defendant's plea for argument to test its sufficiency, elects to reply thereto, denying the facts alleged, he admits its sufficiency, both in form and substance, as a defense to all the matter of the bill to which it is pleaded, and that, if the facts shall, upon the proofs taken, be found established, the bill must be dismissed."

See, also, *Hughes* v. *Blake,* 1 Mason, 515; affirmed, 6 Wheat. 453; Walk. Pat. 590; Equity Rule No. 33.

As the parties in interest are not all before the court, it is thought to be for the advantage of the complainant, as well as for the advantage of the defendants, to have the defect seasonably remedied. The plea is allowed, complainant to have 20 days in which to amend.