**WING ENGINEERING CORPORATION and Chrysler Corporation, Estelle Zap, Administratrix of the Estate of Edward F. Zap, also known as Edward F. Zaparka, and Morris Lavine, Intervenors,**

v.

**The UNITED STATES.**

Nos. 49769 and 93–53.

United States Court of Claims.

May 8, 1957.

George E. McMurray, Jr., Washington, D. C., for plaintiffs. Lawrence J. Bernard, Washington, D. C., was on the briefs.

Morris Lavine, Los Angeles, Cal., for intervenors.

H. L. Godfrey, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

A. K. Geer, Washington, D. C., was on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

These two suits by the Wing Engineering Corporation, as licensee, and the Chrysler Corporation, as owner, have been consolidated for trial.

The only two questions now before the court are: first, whether the Wing Engineering Corporation may maintain its

action under section 1498 of Title 28 U.S.C.; and, second, the trial commissioner's recommendation for the dismissal of the intervening petitions of Estelle Zap and Morris Lavine for want of prosecution.

■ Intervenors Estelle Zap and Morris Lavine contend that certain assignment of the patents in suit, upon which the right of plaintiffs to maintain their suits depends, are void, and that they are the rightful owners of the patents in suit. They, however, presented no evidence at the trial to support the allegations of their petitions, although they were given full opportunity to do so. For want of prosecution, their intervening petitions are dismissed.

On the first question, of the right of the Wing Engineering Corporation to maintain its suit, the Commissioner's opinion states that the Wing Engineering Corporation owned an undivided interest in the patent, and as such was entitled to bring the action under section 1498, Title 28, U.S.C. The reasons given by the Commissioner for this conclusion are sound.

The Chrysler Corporation on October 19, 1943, was the owner of the patent in suit through *mesne* assignments. On that date it executed an instrument transferring to Wing Engineering Corporation "an exclusive license, with right to grant sub-licenses, to make, use and sell in the United States of America devices embodying some or all of the inventions covered by the said patents * * *."

Under paragraph 5 the licensee was given the right "to notify the infringers of such invention, and to enter into negotiations with the infringers looking toward the granting of licenses to them on the terms herein outlined and the collection of damages for past infringements." It was further provided:

"Should such negotiations fail, Engineering may notify Chrysler in writing of the infringement and of Engineering's desire to sue the infringers. If Chrysler shall not elect to institute suit, within ninety (90) days after receipt of such written notice, Engineering shall have the right to do so at its own expense. * * * Recoveries from any suit instituted under this paragraph shall be applied first to offset any proper litigation expense of the parties, and any remaining balance shall be divided equally between the parties."

The license granted, however, was subject to the reservation of the right in Chrysler Corporation and its subsidiary and controlled companies "to make, have made, use and sell devices embodying or adapted to be installed in structures which embody some or all of the inventions covered by said patents."

Since the license was exclusive as to all persons, except the owner and its subsidiary and controlled companies, and especially since the licensee had the right to sue infringers, we do not think it can be doubted that an undivided interest in the patent was granted Wing Engineering Corporation by Chrysler Corporation. The very right was granted which is asserted and attacked in this suit, to wit, the right to sue infringers for damages.

If defendant had sought a license to use the inventions here in suit, plaintiff Wing Engineering Corporation was the *only* entity having a right to grant it such a license. Such a right in Wing Engineering Corporation is an ownership right within the meaning of the jurisdictional statute.

Section 1498 Title 28, U.S.C. gives the "owner" a right to bring a suit against the United States for the infringement of its patent. The section reads:

"Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and

entire compensation for such use and manufacture."

■ This does not mean the owner of the entire right in the patent. It means a person who has "at least such an interest in the patent as without the statute would support such a suit against a defendant other than the United States." E. W. Bliss v. United States, 253 U.S. 187, 191, 192, 40 S.Ct. 455, 457, 64 L.Ed. 852.

In Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516, the court said that what the Government granted by its patent was not the right to make, use, or vend the invention, but the right to exclude others for a certain period from making, using and vending it.

■ The Wing Engineering Corporation was given the exclusive right, subject to the reservation mentioned, to make, use and vend the article, and was given the right to exclude all others except the licensor from doing so. The Wing Engineering Corporation, therefore, had all the rights which the Government granted by its patent, except for the reservation in the so-called licensor.

The case of Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, was a suit between private corporations. The Radio Corporation had an exclusive license to make, use, and vend apparatus embodying the patent, subject to a reservation in the licensor to make, use and vend it. The Radio Corporation brought a suit in equity for infringement against the Independent Wireless Telegraph Company, joining as a party plaintiff, the De Forest Radio Telephone & Telegraph Company, which was the original assignee of the patent issued to Lee De Forest, alleging that the De Forest Radio Telephone & Telegraph Company had refused to give its assent to the bringing of the suit in its name.

The Supreme Court held it was entitled to do so. It cited with approval former decisions holding that, where the licensor had agreed to sue infringers, a licensee, under section 4919 of the Revised Statutes, 35 U.S.C.A. §§ 281, 284, could bring an action for infringement in the name of the patentee, although that statute gave the right to bring a suit for infringement only to a "patentee, assignee or grantee." But in E. W. Bliss v. United States, supra, wherein it was said a licensor could not maintain an action for infringement. The distinction between the two cases is that in the Bliss case the licensor was authorized to sell to only one person; whereas, in the Radio Corporation case it had an exclusive license, subject to the reservation in the licensor to make, use and vend.

In the Independent Wireless Telegraph Co. case, supra, the Court further held that a licensee had a right to maintain a suit in equity under section 4921, Revised Statutes, 35 U.S.C.A. §§ 283–286, 290, by joining the owner of the patent, notwithstanding the owner's refusal to consent to such joinder, and although there is "no express authority given to the licensee to use the name of the patent-owner in equity." The court said, 269 U.S. at page 469, 46 S.Ct. at page 169:

> "It seems clear, then, on principle and authority, that the owner of a patent, who grants to another the exclusive right to make, use, or vend the invention, which does not constitute a statutory assignment, holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer, or to enjoin infringement of it. Such exclusive licenses frequently contain express covenants by the patent owner and licensor to sue infringers that expressly cast upon the former the affirmative duty of initiating and bearing the expense of the litigation. But, without such express covenants, the implied obli-

gation of the licensor to allow the use of his name is indispensable to the enjoyment by the licensee of the monopoly which by personal contract the licensor has given. Inconvenience and possibly embarrassing adjudication in respect to the validity of the licensor's patent rights, as the result of suits begun in aid of the licensee, are only the equitable and inevitable sequence of the licensor's contract, whether express or implied."

It further said, 269 U.S. at page 473, 46 S.Ct. at page 171:

"The objection by the defendant that the name of the owner of the patent is used as a plaintiff in this suit without authority is met by the obligation the owner is under to allow the use of his name and title to protect all lawful exclusive licensees and sub-licensees against infringers, and by the application of the maxim that equity regards that as done which ought to be done. Camp v. Boyd, 229 U.S. 530, 559, 33 S.Ct. 785, 57 L.Ed. 1317; United States v. Colorado Anthracite Co., 225 U.S. 219, 223, 32 S.Ct. 617, 56 L.Ed. 1063; Craig v. Leslie, 3 Wheat. 563, 578, 4 L.Ed. 460. The court should on these grounds refuse to strike out the name of the owner as coplaintiff put in the bill under proper averment by the exclusive licensee.

"The owner beyond the reach of process may be made coplaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows. * * * "

As stated, this was a suit between private individuals, but E. W. Bliss v. United States, supra, says that section 1498 embraced within the word "owner" a person who had "at least such an interest in the patent as without the stat-

ute would support such a suit against a defendant other than the United States."

Under the holding of these two cases, therefore, it would seem to follow, necessarily, that an exclusive licensee, subject to the stated reservation, is an "owner" in the sense that word is used in section 1498, and as such is entitled to sue infringers for damages, and that it has the right to join as a party plaintiff the patentee or his assignee, notwithstanding the refusal of the assignee to give its assent thereto.

For the reasons stated, in addition to those given by the Commissioner in his opinion, we hold that plaintiff Wing Engineering Corporation has the capacity to maintain this suit. The intervenors' petitions will be dismissed.

These cases will be remanded to the Commissioner for further proceedings not inconsistent with this opinion.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.