Whitaker, Judge,
delivered the opinion of the court:
Plaintiff, Pratt and Whitney Company, sues the defendant for infringement of patents on a “Fuel Metering Device” and an “Engine Fuel Control” issued to Ferdinando Carlo Reggio on February 10, 1948, and March 30, 1954.
On September 30, 1955 Reggio granted to Niles-Bement-Pond Company an exclusive license under said patents, limited to the field of fuel regulating devices for use with engines for propelling aircraft or guided missiles. The license provided that either Reggio or Niles-Bement-Pond Company should have the right to bring suits against third parties for infringement of the exclusively licensed patents, and to join the other as a party plaintiff in such suits, if necessary or desirable, and that recoveries in such suits should be divided in proportion to the respective contributions by Reggio and Niles-Bement-Pond Company to the cost and expenses of such litigation. Through mesne assignments plaintiff Pratt and Whitney Company succeeded to the rights of Niles-Bement-Pond Company under the license granted it by the patentee.
Plaintiff Pratt and Whitney Company in its petition alleges that it “notified plaintiff Reggio of the imminent pen-dency of this suit and of his obligation as holder of the legal title to the patents to join Pratt and Whitney Company, Incorporated, as plaintiff in it, and requested him to sign this petition;” but that Reggio refused to do so. Plain *542 tiff asks that Keggio be notified to appear as a party-plaintiff in this suit.
Defendant moves to dismiss plaintiff’s petition for want of capacity in it to bring this action. It says, first, that a licensee can bring an action only in the name of the patentee, and, where the patentee refuses to permit an action for infringement in his name, the licensee cannot maintain the action in its name alone. Second, it says that no one other than an exclusive licensee has the right to maintain an action for infringement, even in the name of the patentee.
We are of the opinion that both grounds of defendant’s motion to dismiss are without merit. The patentee granted to plaintiff’s predecessor an exclusive license to use the patents for certain specified purposes. This meant that the licensee had the right to use them for these purposes to the exclusion of all others, including the patentee. The licensee was given the right to sublicense others and either it or the licensor was given the right to sue infringers. If, after the grant of the license, the patentee desired to use the patents for the purpose specified in the license, it could do so only with consent of the licensee. It would seem, therefore, since the licensee had exclusive rights in the patents for this use, it should have the right to maintain an action for their unlawful use for this purpose. The statute authorizing suits against the Government gives a right of action for use by the Government without a license. Since plaintiff was the only one who could give it a license, it must be the person authorized to sue for use without a license.
A licensee under an exclusive license for a limited territory has the right to maintain an action, in the name of the pat-entee, for an unauthorized use of the patent within the territory covered by his license. Waterman v. Mackenzie, 138 U. S. 252. We can think of no reason why a licensee, under an exclusive license limited geographically, should be able to maintain an action, and an exclusive licensee, under a use limitation, should not be able to do so.
In Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U. S. 459, the court was not dealing with a suit against the United States, but against a private party, but the principle of that case is applicable, we think, *543 to a suit against the United States. There the court, speaking through Mr. Chief Justice Taft, said:
It seems clear * * * that the owner of a patent who grants to another the exclusive right to make, use * * * which does not constitute a statutory assignment, holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee * * * to obtain damages for the injury to his exclusive right by an infringer * * *. * * * the implied obligation of the licensor to allow the use of his name is indispensable to the enjoyment by the licensee * * *. [page 469.]
By a request to the patent-owner to join as co-plaintiff, by notice of the suit after refusal and the making of the owner a co-plaintiff, he is given a full opportunity by taking part in the cause to protect himself against any abuse of the use of his name as plaintiff, while on the other hand the defendant charged with infringement will secure a decree saving him from multiplicity of suits for infringement, [p. 474.]
This question and also the question of the right of an exclusive licensee to maintain an action without joining as a party plaintiff the licensor, where the licensor refuses to join, were fully discussed in Wing Engineering Corp., et al. v. United States, 138 C. Cls. 260. In that case we held that an exclusive licensee was an “owner” of an undivided interest in the patent and, as such, was entitled to maintain an action in this court, notwithstanding the refusal of the licensor to join in the suit, for an unlawful use of the article by anyone other than the licensor, who in that case had reserved the right to use it. We shall not reiterate what we said there.
We hold that a licensee under an exclusive license for a limited use has the right to maintain an action in the name of the licensor for an unlawful use of the patent within this limited field, notwithstanding the refusal of the licensor to join in the suit.
Plaintiff’s motion filed February 20, 1957 for the issuance of notice to Ferdinando Carlo Beggio is allowed. He is hereby notified of the pendency of these suits and he is required to appear and present any claim he may have in the subject matter of the litigation, in the absence of which he *544 will be forever foreclosed by any judgment entered herein. Defendant’s motion to dismiss is overruled.
It is so ordered.
Laramore, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.