Walter H. ETHERINGTON, Plaintiff,

v.

S. M. HARDEE, dba Hardee Tool Company et al., Defendants.

Civ. A. No. 12704.

United States District Court
S. D. Texas,
Houston Division.

April 27, 1960.

---

Hayden & Pravel, Jack W. Hayden, Houston, Tex., for plaintiff.

Browning, Simms, Hyer & Eickenroht, Ralph R. Browning, Houston, Tex., for defendants.

INGRAHAM, District Judge.

This is a suit in equity for patent infringement in which a preliminary and final injunction, accounting, and assessment of treble damages and costs are sought. The case is before the court upon defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for failure to join an indispensable party. The crux of defendants' motion is that titleholder of the patent, Hughes Tool Company, is no longer a party plaintiff and that this action is maintained only by an exclusive licensee in a specific field of the patent's application.

It is alleged that Hughes Tool Company, Huntsinger Associates, and plaintiff were involved in an interference proceeding before the United States Patent Office concerning applications for the patent in question. As the result of an agreement between these parties and a decision on priority in favor of Hughes, plaintiff obtained "the exclusive, irrevocable, royalty-free license with the irrevocable, royalty-free exclusive right to grant sub-licenses to manufacture, use and sell throughout the world mud guns and line jets used above ground according to the disclosure of said Payne application Serial No. 420,994 and any United States or Foreign Patent obtained by Payne or by Hughes thereon." Plaintiff's exclusive field was protected from invasion by subsequent licensees through several express covenants of Hughes and Huntsinger. It was agreed that the party awarded priority (Hughes) would grant to the other parties (including plaintiff) "the sole and exclusive right in their respective fields of operation to sue for enforcement and infringement of the patent." The agreement further provided that the party awarded priority would join in any such action and thereby granted to the other parties the right to join it as a proper party to any action to enforce the rights provided thereunder. Originally Hughes was a party plaintiff but voluntarily dismissed its suit on August 24, 1959.

Defendants contend that the original complaint and first amended complaint fail to state a claim upon which relief can be granted, since they fail to assert in the sole remaining plaintiff such title or interest in the patent in suit as will support a claim for infringement thereof. They maintain that it is not sufficient for plaintiff to assert that he has an exclusive license under the patent within a limited field of use which is less than that covered by the patent. They

claim that the pleadings show that at least the Hughes Tool Company is an indispensable party and is not now joined in the suit.

Plaintiff contends that he is a "patent owner" entitled to maintain a suit for infringement in his own name. He claims "patent ownership" on the ground that he was assigned an interest in the patent in the agreement with Hughes and Huntsinger. He asserts exclusive rights to manufacture, use, and sell mud guns and line jets used above ground under the teaching of the patent, to grant sub-licenses, and to sue for infringement of the patent within that specific field.

The court believes that defendants' motion to dismiss should be granted. It is clear that plaintiff was not granted legal title to the entire patent, an undivided portion thereof, or to an exclusive territorial monopoly. His interest is only that of an exclusive licensee to make, use, and vend the invention for limited purposes. Gamewell Fire-Alarm Telegraph Co. v. City of Brooklyn, C.C. E.D.N.Y.1882, 14 F. 255; Cottle v. Krementz, C.C.S.D.N.Y.1885, 25 F. 494; Pope Manufacturing Co. v. Gormully & Jeffery Manufacturing Co., 1892, 144 U.S. 248, 12 S.Ct. 641, 36 L.Ed. 423; Waterman v. Mackenzie, 1891, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923; Gayler v. Wilder, 1850, 10 How. 477, 51 U.S. 477, 13 L.Ed. 504.

Even an exclusive licensee must join with him the owner of the bare legal title of the patent in a suit for infringement thereof. Independent Wireless Telegraph Co. v. Radio Corporation of America, 1926, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357; Waterman v. Mackenzie, supra; Littlefield v. Perry, 1874, 21 Wall. 205, 88 U.S. 205, 22 L.Ed. 577.

None of the cases cited by plaintiff hold that an exclusive licensee may maintain a suit for patent infringement in his own name without joining the title-holder of the patent. In Wing Engineering Corporation v. United States, 1957, 151 F.Supp. 314, 138 Ct.Cl. 260, an exclusive licensee was considered to own an undivided interest in the patent and to have capacity to maintain the suit for infringement but the specific holding was that plaintiff could join as a party plaintiff the patentee or his assignee, notwithstanding the refusal of the assignee to give its assent thereto.

Similarly, in Pratt & Whitney Co. v. United States, 1957, 153 F.Supp. 409, 139 Ct.Cl. 540, the court saw no reason why a licensee, under an exclusive license limited geographically, should be able to maintain a suit for infringement while an exclusive licensee, under a use limitation, should not be able to do so, but it stated its holding as follows:

"We hold that a licensee under an exclusive license for a limited use has the right to maintain an action *in the name of the licensor* for an unlawful use of the patent within this limited field, notwithstanding the refusal of the licensor to join in the suit." (Emphasis supplied.) Pratt & Whitney, supra, 153 F. Supp. at page 411.

On the face of plaintiff's reply to defendants' reply brief, the holding in Independent Wireless Telegraph Co. v. Radio Corporation of America, supra, is described as follows:

"The Court in this case held that a person who has a *license* (i. e. only the exclusive right to *use* and *sell*) in a restricted field of use *may* maintain a suit against an infringer along with the owner of the bare legal title." Plaintiff's reply to defendants' reply brief, p. 3.

Likewise, in E. W. Bliss Co. v. United States, 1920, 253 U.S. 187, 40 S.Ct. 455, 64 L.Ed. 852, the court held that the interest involved was a mere license, not sufficient to sustain a suit for infringement.

It is true that the license presently involved borders on a grant of legal title within a limited field of use, since plaintiff was granted the exclusive right to grant sub-licenses and to sue for infringement of the patent within his specified field. It is questionable whether

defendants would be harassed by a multiplicity of suits or would be liable for successive recoveries of damages. Yet plaintiff is seeking recovery of triple damages from defendants, who have insisted that he join the legal titleholder of the patent. Under the law plaintiffs can demand that protection. Plaintiff disputes this right of defendants as a matter of law. There are no circumstances present that would lead a court of equity to permit defendants to maintain a suit for infringement in their own name without any attempt to join the legal titleholder of the patent.

Defendants' motion to dismiss will be granted. The clerk will notify counsel to draft and submit judgment accordingly.