**Walter H. ETHERINGTON, Appellant,**

v.

**S. M. HARDEE, d/b/a Hardee Tool Company, Appellee.**

**No. 18563.**

United States Court of Appeals
Fifth Circuit.

May 4, 1961.

Jack W. Hayden, Hayden & Pravel, B. R. Pravel, Houston, Tex., for appellant.

Ralph R. Browning, Houston, Tex., James B. Simms, Browning, Simms, Hyer & Eickenroht, Houston, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant was plaintiff in a patent infringement suit and takes this appeal from a decree granting a motion of the appellee, who was the sole defendant, to dismiss. The motion was grounded on the assertions that the complaint failed to state a claim on which relief could be granted, and that an indispensable party was not joined. The reasons for the entry of the district court's decree are set forth in its opinion. Etherington v. Hardee, D.C.S.D.Tex.1960, 182 F.Supp. 905.

The narrow question presented for our review was outlined by the district court in the following manner:

"It is alleged that Hughes Tool Company, Huntsinger Associates, and plaintiff were involved in an interference proceeding before the United States Patent Office concerning applications for the patent in question. As the result of an agreement between these parties and a decision on priority in favor of Hughes, plaintiff obtained 'the exclusive, irrevocable, royalty-free license with the irrevocable, royalty-free exclusive right to grant sub-licenses to manufacture, use and sell throughout the world mud guns and line jets used above ground according to the disclosure of said Payne application Serial No. 420,-994 and any United States or For-

eign Patent obtained by Payne or by Hughes thereon.' Plaintiff's exclusive field was protected from invasion by subsequent licenses through several express covenants of Hughes and Huntsinger. It was agreed that the party awarded priority (Hughes) would grant to the other parties (including plaintiff) 'the sole and exclusive right in their respective fields of operation to sue for enforcement and infringement of the patent.' The agreement further provided that the party awarded priority would join in any such action and thereby granted to the other parties the right to join in as a proper party to any action to enforce the rights provided thereunder. Originally Hughes was a party plaintiff but voluntarily dismissed its suit on August 24, 1959."

Our question is whether the appellant, Etherington, has such an interest in the patent as permits him to maintain a suit for infringement without the joinder of Hughes as the holder of the patent. The district court held that Etherington did not have such an interest.

It was held as early as 1850 that a licensee could not maintain a suit for patent infringement in his own name. Gayler v. Wilder, 10 How. 477, 51 U.S. 477, 13 L.Ed. 504. This is still the law. 3 Walker on Patents, Deller's Ed. 1638, § 431. The appellant reminds us of the principle that the legal effect of the terms used will determine whether the instrument is to be regarded as a license or an assignment. E. W. Bliss Co. v. United States, 253 U.S. 187, 40 S.Ct. 455, 64 L.Ed. 852. Upon this principle the appellant urges that, although the instrument creating his rights is a license in form, it is in effect an assignment in that he is the grantee of "the exclusive, irrevocable, royalty-free license to manufacture, use and sell throughout the world mud guns and line jets used above ground according to" the patent in the suit. Plausible as this argument may be, it is contrary to the established principle that the grant of a right of a limited use is a mere license and the licensee cannot maintain a suit to enjoin infringement. Pope Manufacturing Co. v. Gormally & Jeffrey Manufacturing Co., 144 U.S. 248, 12 S.Ct. 641, 36 L.Ed. 423.

Since the leading case of Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923, it has been held that where the patentee has granted an exclusive right under the patent throughout a specified part of the United States, the grantee is an assignee and may sue in his own name for infringement. The appellant poses the question, "Since a geographical transferee can sue in his own name alone, why can't an industry wide transferee sue in his own name alone?" The same question was asked by the Court of Claims in Pratt & Whitney Company v. United States, 153 F.Supp. 409, 139 Ct.Cl. 540, where the Court could think of no reason why the limited use transferee should not have a right to maintain an infringement suit in his own name. The answer may be found, we think, in the enactments of Congress and the decisions of the Courts. By statute it is provided that a patentee may grant and convey an exclusive right under his patent to the whole or any specified part of the United States. 35 U.S.C.A. § 261. The rule which here controls has been thus stated,

"It has long been settled that a licensee may not maintain a suit for infringement, [citing cases]; and that to entitle an assignee or grantee to maintain such a suit under warrant of Rev.Stats. § 4919 [35 U.S.C.A. §§ 281, 284] such assignee or grantee must have an assignment, grant or conveyance, either of the whole patent, of an undivided part of it, or of an exclusive right under it 'within and throughout a specified part of the United States.' Any assignment or transfer short of one of these is a mere license giving the licensee no interest in the patent sufficient to sue at law in his own name for in-

fringement or in equity without joining the owner of the patent." E. W. Bliss Co. v. United States, supra [253 U.S. 187, 40 S.Ct. 457]. See also Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357.

We conclude, as did the district court, that the appellant cannot maintain the suit without joining the legal titleholder of the patent. Rule 17(a), Fed.Rules Civ.Proc. 28 U.S.C.A., providing that "Every action shall be prosecuted in the name of the real party in interest," has not changed the requirement that a licensee, without joinder of the owner, cannot maintain a suit for patent infringement. 3 Moore's Federal Practice 1362, Par. 17.11(1). The federal income tax cases,[1] upon which the appellant relies as sustaining his claim that he is an assignee rather than a licensee, are not controlling with respect to the issue before us.

The judgment of the district court is Affirmed.

JOHN R. BROWN, Circuit Judge (concurring specially).

I concur. As Moore sets forth in great detail (§ 17.11 [1] pp. 1354–63) a person having, as does this plaintiff, substantial exclusive proprietary rights which transcend a mere license is not at the mercy of the holder of the legal title to the patent. The procedure is still flexible to assure protection against a recalcitrant, infringing, hostile or unavailable patent holder. The plaintiff did not undertake to bring himself within these principles.

In view of this and our unanimous agreement that the plaintiff did not attempt to satisfy conditions which would have permitted non-joinder, I do not think we reach the question of the validity of an irrevocable exclusive agreement of an identifiable industry application of a patent which does not come within either an assignment of an undivided interest, or a geographical limitation covered by the statute. I agree that the tax cases are not controlling here. But they may well point the way as to so-called industry assignments. It is again the marvelous adaptability of the Federal Rules of Civil Procedure which overcomes apprehension that any such assignments would result in unpreventable hardship, injustice, maladministration or abuse.

1. Bannister et al. v. United States, 5 Cir., 1958, 262 F.2d 175; United States v. Carruthers et al., 9 Cir., 1955, 219 F.2d 21.