**AGRASHELL, INC., Plaintiff,**

v.

**HAMMONS PRODUCTS COMPANY,**
**Defendant.**

**No. 2002.**

United States District Court
W. D. Missouri, S. D.
Jan. 5, 1965.

Albert C. Johnston, New York City, and Miller, Fairman, Sanford, Carr & Lowther, Springfield, Mo., for plaintiff.

Stevens, Davis, Miller & Mosher, Washington, D. C., Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, Mo., Damon M. Gunn, and Martin E. Hogan, Jr., Washington, D. C., for defendants.

JOHN W. OLIVER, District Judge.

This case pends on defendant's motion for summary judgment. Plaintiff's complaint alleges that jurisdiction is based on Section 1338 of Title 28, United States Code.

Paragraph 6 of plaintiff's complaint alleged that plaintiff "is the grantee of and holds * * * the sole and exclusive right to enforce the exclusive rights" of the reissued letters patent involved in this case. Plaintiff also alleged that it holds such rights "by virtue of an 'Exclusive License Agreement' entered into as of the 1st day of October, 1961" between it and the Purex Corp., Ltd., who was

then and is now allegedly the owner of the entire right, title and interest of the reissued letters patent formerly owned by Turco Products, Inc.

The Digest of the Assignment Records of the patent office shows that the inventor, Frank R. Perry, assigned all of his right, title, and interest in the patent involved to Turco Products, Inc., by an assignment recorded April 14, 1944, and that Turco Products, Inc., made a like assignment of its entire interest in the Perry patent to Purex Corp., Ltd., as of December 31, 1960.

The agreement between Purex Corp., Ltd., and plaintiff dated October 1, 1961, is attached to defendant's motion for summary judgment. The authenticity of that agreement is not in issue and both parties concede that the fact that that agreement was not recorded with the Patent Office is immaterial. Nor does defendant raise any question that there was a clear transfer of ownership and title by Perry to Turco Products, Inc., and by Turco to Purex Corp., Ltd.

In regard to the Agreement of October 1, 1961, however, defendant contends that "the only conclusion in law that can be reached from the uncontrovertible facts is that the so-called 'Exclusive License Agreement' dated effective the 1st day of October, 1961, is merely a license and did not convey ownership or title and that by the form of the so-called 'Exclusive License Agreement,' it is clear that Purex did not intend to part with the ownership of the patent." Defendant therefore argues that "Purex is a necessary party to any attempt on the part of the licensee, Agrashell, to maintain a suit for infringement of the patent," relying principally upon the rule of decision announced in Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891).

Plaintiff agrees that "the only issue of substance raised by the motion is whether or not, as a matter of law, plaintiff, by the 'Exclusive License Agreement' of October 1, 1961, acquired rights in the Perry patent entitling it to bring this suit in its own name." Plaintiff also

agrees that that issue "is to be determined by consideration of the contents and the legal effect of the 1961 agreement so far as it concerns the patent in suit."

It is implicit from the arguments presented by the parties that there is no genuine issue as to any material fact within the meaning of Rule 56 of the Rules of Civil Procedure.

■ Hurd v. Sheffield Steel Corp., 8th Cir. 1950, 181 F.2d 269, establishes that defendant may properly invoke the summary judgment procedure for a determination of the legal question presented.

■ In determining that we should rule defendant's motion for summary judgment we have not overlooked plaintiff's argument that defendant's motion is "grossly untimely and unjustly brought at this stage of the case." That argument is untenable for the reason that the issue raised by the motion is not a "technical" objection, as plaintiff describes it, but is a question that relates to the jurisdiction of this Court, a matter always open and a matter that could not be waived even by the agreement of the parties.

■ Independent Wireless Telegraph Co. v. Radio Corp., 269 U.S. 459, 466, 468, 46 S.Ct. 166, 168, 169, 70 L.Ed. 357, (1926) teaches that "both the owner and the exclusive licensee are generally necessary parties in the action in equity" and that "the presence of the owner of the patent as a party is indispensable not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in one action, or by satisfying one adverse decree to bar all subsequent actions."

The most recent case overruling a contention not dissimilar to that made by plaintiff in this case is Sweetwater Rug Corp. v. J & C Bedspread Co., Inc., S.D. N.Y.1961, 198 F.Supp. 941.

In that case plaintiff argued that defendant's motion to dismiss for failure to

join an indispenable party was not timely under Rule 12. Judge Herlands held that such a motion could be made either before or after pleading and that a delayed raising of such a defense "is an exception to the rule that a party waives all defenses and objections that he does not present either by a motion or in his answer or reply, if he made no motion." Judge Herlands applied the rule of decision that "a transfer of rights short of an assignment is only a license whereby the licensee does not acquire title in the patent nor the right to sue in his own name for an infringement." The Court of Appeals for the Second Circuit affirmed the district court in 299 F.2d 573 (1961) on the basis of Judge Herlands' opinion.

Professor Moore, in his work on Federal Practice, discusses the well established rules of decision applicable to this case in ¶17.11 of Volume 3, page 1354, and following. The leading Supreme Court cases include Waterman v. Mackenzie, supra, and the still earlier case of Gayler v. Wilder, 10 How. 477, 494, 13 L.Ed. 504 (1850) which are discussed in detail and in a manner that we believe correctly states the law.

Our view of the accuracy of Professor Moore's statement is confirmed by a similar acceptance by the courts that decided Philadelphia Brief Case Co. v. Specialty Leather P. Co., D.C.N.J.1956, 145 F.Supp. 425, 429 and Etherington v. Hardee, 5th Cir. 1961, 290 F.2d 28, 30. See also Section 425 through Section 431, inclusive, and Section 881 through Section 881 H, inclusive, of Walker on Patents for further citation of applicable cases.

■ Our study of the Agreement of October 1, 1961, convinces us that the transfer of rights and the reservations retained is short of an assignment under the authorities above cited and that plaintiff therefore does not have the right to sue in its own name under the Waterman v. Mackenzie line of cases. Accordingly, defendant's motion for summary judgment should be and will be sustained.

■ We note that defendant alleges in its motion and argues in its sugges-tions in support that "the lack of merit of this suit and the failure to join an indispensable party to this suit makes this case an exceptional case, within the meaning of 35 U.S.C. 285, which would warrant the Court awarding reasonable attorney's fees to the defendant." Defendant concedes that this matter is within the discretion of the Court. We do not believe that the circumstances command the exercise of our judicial discretion, assuming, but without deciding, that power to award attorney's fees exists in a summary judgment proceeding. Defendant could have raised this question long before it did in fact raise it.

■ Nor do we believe that our order dismissing this case with prejudice should include the additional order requested by defendant that "the suit should further be dismissed with prejudice to Agrashell again bringing such a suit." Independent Wireless Telegraph Co. v. Radio Corp., supra, is the leading case that indicates the procedure under which Purex might be made a party to a new action. Further, we are doubtful whether the relief requested is available under summary judgment procedure because it would require our consideration of facts about which we are confident there would be considerable dispute.

Switzer Bros., Inc. v. Byrne, 6th Cir. 1957, 242 F.2d 909, held, however, that "the right of the plaintiff to recover depended upon its right at the inception of the suit and the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured" and that "the jurisdiction of the lower [district] court depends upon the state of things existing at the time the suit is brought and that * * * later facts alleged cannot conceivably affect the result."

Accordingly, the present suit should be and is hereby dismissed with prejudice, but said order does not prohibit Agrashell from being a party to any other suit it may maintain in which all indispensable parties are made parties in said new action, should such an action be

filed. The new action, of course, would stand on its own feet and would not relate back or be in any way connected with the pending case.

It is so ordered.