COLIBRI LIGHTERS (U.S.A.) INC., Monogas (U.S.) Inc., and Colibri Corporation, Plaintiffs,

v.

JACQUES KREISLER MFG. CORP., Defendant.

JACQUES KREISLER MFG. CORP., Third-Party Plaintiff,

v.

COLIBRI LIGHTERS LIMITED and Julien Keilus, Third-Party Defendants.

United States District Court
S. D. New York.
Jan. 6, 1965.

Bierman & Bierman, New York City, for plaintiffs and Julien Keilus, third-party defendant.

Busby & Rivkin, New York City, for Jacques Kreisler Mfg. Corp.

PALMIERI, District Judge.

This is a motion by the defendant-third-party plaintiff Jacques Kreisler Mfg. Corp. for an order dismissing the plaintiffs' second claim for relief alleging patent infringement. Fed.R.Civ.P. 12(b) (6), (7). The basis for the motion is that plaintiff Colibri Lighters, Inc. (Colibri) has failed to aver that it is the assignee of the patent in suit and has failed to join the patentee as a party plaintiff or defendant. The allegation made by plaintiffs is as follows:

> 28. Plaintiff, Colibri Corp.,[1] is the owner of all rights to bring suit and collect damages for infringement of United States Letters Patent D–176,651, granted to Hermann Zahn on January 10, 1956 for a term of 14 years, and entitled "Pocket Lighter", which patent is and has been valid and in force at all times material herein.

1. Colibri Corp. is the exclusive selling agent in the United States for Colibri Lighters, Inc. The parties here have not attempted to draw any distinction between the two Colibri corporations and it is assumed that the rights and duties of the two are co-extensive for purposes of this motion.

366

In its answer, counterclaim and third-party complaint, the defendant alleges that the design patent in suit and the single claim thereof are invalid and void.

The issue presented by this motion is whether Colibri, which claims to be "the owner of all rights to bring suit and collect damages," has the right to sue for patent infringement in its own name. The moving party urges that only a patent holder, or his assignee, has that right. The exhibits annexed to the moving affidavit submitted by defendant establish that the owner of the patent is Ibelo Metallwaren Gesellschaft Mit Beschraenkter Haftung Hermann Zahn (hereinafter referred to as "Ibelo"). Plaintiff Colibri holds no assignment of record of any interest in United States Letters Patent Des. 176,651, the patent in suit. Ibelo is not a party to the suit.

Plaintiffs contend, however, that as exclusive licensee and as "grantee of the right to bring suit", Colibri can maintain this patent infringement suit. Colibri's exclusive license agreement is attached to its papers on this motion and grants it "an exclusive license to make, use and sell the invention set forth in United States Design Patent No. 4–176,651 throughout the entire United States of America." The agreement also grants Colibri "the right to bring suit for infringement of said patent in its own name and without joining Licensor as a party to any such action."

▌▌ The moving party relies heavily upon Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891), but a careful reading of that case, and particularly the language at page 255, 11 S.Ct. at page 335, does not support the defendant's position. There the Court said:

"Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions. For instance, a grant of an exclusive right to make, use, and vend two patented machines within a certain district is

an assignment, and gives the grantee the right to sue in his own name for an infringement within the district * * *."

It is well settled that where the owner of a patent conveys to another, as here, the exclusive right to make, use, and vend the invention throughout the United States, such a transfer vests in the assignee the interest requisite to the right to maintain a suit for infringement. Additionally, the license agreement in this instance explicitly grants the right to maintain the suit and there is no basis, nor has any been suggested, for denying recognition of this contractual right. Waterman v. Mackenzie, supra; Sweetwater Rug Corp. v. J. & C. Bedspread Co., 198 F.Supp. 941 (S.D.N.Y.1961), aff'd, 299 F.2d 573 (2d Cir. 1962); Etherington v. Hardee, 290 F.2d 28 (5th Cir. 1961).

The motion is denied.

It is so ordered.