**AGRASHELL, INC.,** Appellant,

v.

**HAMMONS PRODUCTS COMPANY,**
Appellee.

No. 17972.

United States Court of Appeals
Eighth Circuit.

Nov. 9, 1965.

Albert C. Johnston, of Keith, Johnston, Isner & Des Marais, New York City, made argument for appellant and filed brief with Sam F. Hamra, Jr., of Miller, Fairman, Sanford, Carr & Lowther, Springfield, Mo.

B. H. Clampett, Springfield, Mo., made argument for appellee and filed brief with Martin E. Hogan, Jr., Washington, D. C.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and VAN PELT, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the plaintiff Agrashell, Inc., from final order sustaining defendant Hammons Products Company's motion for summary judgment and dismissing plaintiff's complaint for patent infringement.

Plaintiff, in its complaint filed August 7, 1963, claimed to be an assignee of United States Letters Patent No. Re. 23,422 covering "Cleaning Method and Material Therefor" by virtue of a document entitled "Exclusive License Agreement" effective October 1, 1961, entered into between plaintiff and Purex Corporation Ltd., the then owner of the patent. Responsive pleadings were filed and a number of pretrial conferences were held. Depositions were taken. Defendant upon its request was furnished with a copy of the licensing agreement on or about December 10, 1963. The jurisdiction of the court to consider the complaint was first challenged in defendant's motion for sum-

mary judgment filed November 9, 1964, which states in part:

"The ground for this Motion is that the Complaint is fatally defective in that the said suit has not been brought in the name of the owner of the patent (35 U.S.C. 281), or the patentee as defined in 35 U.S.C. 100, Purex Corporation, Ltd. The party Plaintiff, Agrashell, Inc., has brought this suit on an allegation that Plaintiff is an 'Exclusive Licensee'. However, the so-called 'Exclusive License' is not such that it gives to the Plaintiff title in the patent, nor a right to sue at law in its own name, Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923."

The court in its memorandum opinion, 248 F.Supp. 258, determined that the exclusive license agreement falls short of being an assignment of the patent and that hence plaintiff did not have the right to sue in its own name without making the patent owner a party. The court also considered and rejected plaintiff's contention that "defendant's motion is grossly untimely and unjustly brought at this stage of the case." The court stated, "That argument is untenable for the reason that the issue raised by the motion is not a 'technical' objection, as plaintiff describes it, but is a question that relates to the jurisdiction of this Court, a matter always open and a matter that could not be waived even by the agreement of the parties."

The court upon the basis of the foregoing determinations sustained the motion for summary judgment and dismissed the complaint. The order reads:

"Accordingly, the present suit should be and is hereby dismissed with prejudice, but said order does not prohibit Agrashell from being a party to any other suit it may maintain in which all indispensable parties are made parties in said new action, should such an action be filed. The new action, of course, would stand on its own feet and would not relate back or be in any way connected with the pending case."

This timely appeal followed. Plaintiff upon this appeal, as in the trial court, urges that by virtue of its agreement with Purex Corporation, Ltd., it is an assignee of the entire interest in the patent in controversy and that as such it is entitled to bring this action alone in its own name. Both parties cite and rely upon the landmark case of Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334. The Court there lays down the rules for determining indispensable parties in patent infringement suits as follows:

"Every patent issued under the laws of the United States for an invention or discovery contains 'a grant to the patentee, his heirs and assigns, for the term of seventeen years, of the exclusive right to make, use, and vend the invention or discovery throughout the United States and the territories thereof.' Rev.St. § 4884. The monopoly thus granted is one entire thing, and cannot be divided into parts, except as authorized by those laws. The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either, 1st, the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or 2d an undivided part or share of that exclusive right; or 3d the exclusive right under the patent within and throughout a specified part of the United States. Id. § 4898. A transfer of either of these three kinds of interest is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers. In the second case, jointly with the assignor. In the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement. Id. § 4919; Gayler v. Wilder, 10 How. 477,

494, 495 [13 L.Ed. 504]; Moore v. Marsh, 7 Wall. 515 [19 L.Ed. 37]. In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff." 138 U.S. 252, 255, 11 S.Ct. 334, 335.

Waterman also holds: "Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions." 138 U.S. 252, 256, 11 S.Ct. 334, 335.

The principal problem presented by this appeal is whether the rules set out in Waterman have been properly applied to the facts of this case. Plaintiff claims its assignment falls in the first category described in Waterman—an assignment of the whole patent. Defendant urges the assignment falls in the second category—an undivided part of the exclusive right.

■ The rights of plaintiff and Purex in the patent here in controversy are to be determined by the written agreement entered into by them. The agreement is made a part of the motion and is before us. There is no dispute as to the contents of the agreement.

■ Our consideration of the Purex-Agrashell agreement satisfies us that the trial court properly determined that such agreement falls short of an assignment of the entire patent. Paragraph 1 of the agreement reads:

"PUREX agrees to and does hereby grant to AGRASHELL the sole and exclusive right and license to manufacture, use and sell the compositions and processes described and claimed in the Licensed Patent until the expiration of such patent except for the right expressly reserved by PUREX to make, use and sell such compositions and to convey to purchasers thereof the right to use such processes."

While the first portion of the paragraph grants broad rights, the "except" provision reserves to Purex the unlimited right to make, use and sell such compositions without royalty payments and permits Purex to convey without limitation the right to use such processes. Such substantial reserved rights are inconsistent with the acquisition by Agrashell of Purex's full rights in the patent.

Other provisions of the agreement support the view that the agreement does not assign full patent rights. In paragraph 2, Agrashell grants Purex and its customers a non-exclusive, royalty-free license to use any inventions related to the patent. Paragraph 6 reserves to Purex the right to cancel the license for defaults under specified conditions. Paragraph 7 provides that if Agrashell is adjudged a bankrupt or in event of the appointment of a receiver for Agrashell, all of its rights in the patent shall forthwith terminate. Paragraphs 8 and 9 while granting Agrashell a right to sue for infringement in its own name, requires fifteen days notice to Purex of any proposed suit and gives Purex the right to participate, in which event it shall receive one-half of all sums recovered. If Agrashell fails upon sixty days notice to institute infringement suit, Purex shall have the sole right to proceed and retain all damages collected.

■ The fact that the agreement gives Agrashell a right to sue in its own name is without significance. Ownership of the patent is a requisite to the right to sue for infringement. Switzer Brothers, Inc. v. Byrne, 6 Cir., 242 F.2d 909, 912; see Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 37–39, 43 S.Ct. 254, 67 L.Ed. 516.

We are satisfied that the agreement does not assign to Agrashell all of Purex's rights in the patent. Thus Agrashell cannot qualify as an assignee of the first type described in Waterman. At most, the assignment falls in the second class described in Waterman—an assignment of an undivided part or share. In such a situation, Waterman requires the joinder of the assignor. For other cases supporting the view that the joinder of the assignor is necessary under the facts of this case, see Independent Wireless Telegraph Co. v. Radio Corp. of America, 269 U.S. 459, 466, 46 S.Ct. 166, 70 L.Ed. 357; Crown Die & Tool Co. v. Nye Tool & Machine Work, 261 U.S. 24, 37–40, 43 S.Ct. 254; Hurd v. Sheffield Steel Corp., 8 Cir., 181 F.2d 269, 271; Philadelphia Brief Case Co. v. Specialty Leather Products Co., D.C.N.J., 145 F.Supp. 425, 427–429, aff'd 3 Cir., 242 F.2d 511.

The court correctly demonstrated and determined that Agrashell is not an assignee of the entire patent. Hence, the assignor Purex is an indispensable party. No error was committed in dismissing the complaint by reason of the absence of such indispensable party.

Plaintiff makes the further point that the court by reason of the extraordinary circumstances of this case should have overruled defendant's summary judgment motion in order to prevent inequity, injustice and successful misuse of civil procedure. Plaintiff's argument is based upon the undisputed fact that the defendant was furnished with a copy of the exclusive license agreement, upon which it bases its claim of want of jurisdiction, on December 10, 1963, and that it failed to assert any claim of lack of jurisdiction until it filed its motion for summary judgment on November 9, 1964. Plaintiff asserts that the defendant in the meantime consented to and acquiesced in jurisdiction and thereby created considerable expense to plaintiff with respect to holding pretrial conferences and the taking of depositions. Plaintiff asserts prejudice by reason of such increased expenses and by the fact that it has lost rights to recover on earlier periods of infringement by reason of the provision of 35 U.S.C.A. § 286 which cuts off recovery for infringement occurring more than six years prior to the filing of the complaint.

This equitable argument was properly rejected by the trial court for all of the reasons set out in its well-considered opinion which we adopt. As shown by the authorities heretofore set out, the court was without jurisdiction at the inception to take action to consider this infringement suit by reason of the absence of an indispensable party. As pointed out by the trial court, the law on this issue is properly stated in the district court opinion in Sweetwater Rug Corp. v. J & C Bedspread Co., S.D.N.Y., 198 F.Supp. 941, 943, aff'd 2 Cir., 299 F.2d 573, as follows:

"A motion to dismiss for failure to join an indispensable party may be made either before pleading or after. The defense of failure to join an indispensable party is an exception to the rule that a party waives all defenses and objections that he does not present either by motion or in his answer or reply, if he made no motion. F.R.Civ.P., rule 12(h). Thus, defendant would not be precluded from raising this defense even it had omitted it from its answer."

See 3 Moore F.P.2d ed. chs. 17.11 and 19.05(2).

Moreover, it is the duty of this court to satisfy itself on its own jurisdiction and that of the trial court whether or not the jurisdictional issue is raised. Jurisdiction cannot be waived and when it appears to a trial court that jurisdiction is lacking, Rule 12(h), Fed.R.Civ.P., requires the dismissal of the action. Jackson v. Kuhn, 8 Cir., 254 F.2d 555, 559–60.

A court, when it finds it lacks jurisdiction for want of an indispensable party, may under appropriate circumstances grant leave to amend and bring in the indispensable party. See Independent Wireless Telegraph Co. v. Radio Corp. of America, supra; Wing Engi-

neering Corp. v. United States, 151 F. Supp. 314, 316–317, 138 Ct.Cl. 260; Philadelphia Brief Case Co. v. Specialty Leather Products Co., supra; 3 Moore F.P.2d ed. ch. 17.11(1).

▮ Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted. Switzer Brothers, Inc. v. Byrne, 6 Cir., 242 F.2d 909, 913.

▮ The Supreme Court in Independent Wireless, pp. 474–75 of 269 U.S., p. 172 of 46 S.Ct. distinguishes Crown v. Nye Tool, supra, where an action was dismissed for failure to join an indispensable party by saying, "There was no offer to make the owner of the patent a party, nor were there any facts showing that the owner would not join as a coplaintiff or was not in the jurisdiction. The appellant stood solely upon his right to sue as an assignee of the patent and was defeated." Such is the situation here.

The judgment appealed from is affirmed.