AGRASHELL, INC., Plaintiff,

v.

COMPOSITION MATERIALS CO., Inc., Defendant.

No. 63 Civ. 2191.

United States District Court
S. D. New York.
April 21, 1966.

Albert C. Johnston, New York City, for plaintiff.

James & Franklin, New York City, for defendant.

## MEMORANDUM

THOMAS F. MURPHY, District Judge.

In this action for patent infringement, pending since 1963, defendant moves to dismiss for failure to join an indispensable party. It relies on an agreement dated October 1, 1961, which in turn is the basis of plaintiff's right to bring this action, and argues that such agreement shows on its face that the patent owner, Purex Corporation Ltd., is an indispensable party and since it is not joined the action must be dismissed.

The complaint alleges:

"Plaintiff is the grantee of and holds the sole and exclusive right and license to manufacture, use and sell the method and the material described and claimed in said reissued Letters Patent, together with all claims for damages for past infringement thereof and the sole and exclusive right to enforce the exclusive rights therein. Plaintiff holds the same by virtue of an exclusive license agreement entered into as of the first day of October 1961, between plaintiff and Purex Corporation Ltd."

A copy of the agreement of October 1, 1961, is made part of the motion papers. The first paragraph reads as follows:

"PUREX agrees to and does hereby grant to AGRASHELL the sole and exclusive right and license to manufacture, use and sell the compositions and processes described and claimed in the Licensed Patent until the expiration of such patent except for the right expressly reserved by PUREX to make, use and sell such compositions and to convey to purchasers thereof the right to use such processes."

Paragraph 6 of the complaint alleges:

"Upon information and belief, said Purex Corporation Ltd. was then *and is now* the owner by mesne assignments of the entire right, title and interest in said Reissued Letters Patent."

On these facts defendant argues that plaintiff as a matter of law does not

have the status to sue for patent infringement in its own name without being joined by the patent owner and hence the patent owner is an indispensable party, and submits that this very issue has been decided adversely to this very plaintiff in the United States District Court for the District of Missouri, 248 F.Supp. 258, whose judgment was affirmed by the Court of Appeals in the Eighth Circuit, Agrashell, Inc. v. Hammons Products Company, 352 F.2d 443 (1965) and it would so appear.

Plaintiff, in opposition to the motion, advances four arguments: (1) that the defense of indispensable party has been waived because it has not been pleaded; (2) the absence of an indispensable party does not affect the court's jurisdiction; (3) the motion seeks and would sanction inequity, not equity, and (4) that issues of fact are present and summary judgment should not be granted.

We find each of these arguments untenable and grant defendant's motion for summary judgment.

■ While it is true that Rule 12(b) gives the choice to a pleader to either move or plead the failure to join an indispensable party, the failure to plead such a defense is not waived, since Rule 12(h) makes a specific exception to "waiver of defenses" and permits the defense of failure to join an indispensable party to be made "by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits. * * * "

Sweetwater Rug Corp. v. J & C Bedspread Co. Inc., 198 F.Supp. 941, 943, affirmed 299 F.2d 573 (2d Cir. 1962), is cogent authority contrary to plaintiff's position that such defense is waived. In fact the same argument was made in the Eighth Circuit and disposed of by citing the same case.

■ Plaintiff's argument that the question is not one of jurisdiction is unclear. We suppose that jurisdiction in its proper sense is not here involved.

The court certainly has power to adjudicate a patent infringement and Congress specifically gave the district courts jurisdiction. 28 U.S.C. § 1338. What is true, however, is that the courts have uniformly held that all parties in interest must be joined in a lawsuit before the court will exercise its power. Here Purex has not joined and the court refuses to go forward.

Plaintiff's third argument, that summary judgment would be an inequity and not equity, is a euphemistic redundancy; the equities are not however only on the side of plaintiff. The only burdensome proceedings were an unsuccessful motion by defendant for summary judgment and motions relating to interrogatories and other pretrial discovery.

Defendant states by affidavit that it did not realize the defense of indispensable party until it was raised in the Missouri case, which it closely followed. The affirmance by the Court of Appeals in the Eighth Circuit did not take place until November, 1965, and it took steps to raise the issue in its pretrial memorandum of last year. It was also raised, it says, in a companion case in the Eastern District of New York on a similar motion argued before Judge Bartels on December 8, 1965. In any event defendant's argument does not amount to a legal defense.

■■ What is more troublesome is plaintiff's argument that there are triable issues of fact and he attempts to enumerate them in two pages of his memorandum. We have read and reread them and as far as we can determine he is arguing matters of law, viz., (1) what is the real meaning of Paragraph 1 in the license agreement; (2) whether the right reserved to Purex should be construed to mean that Purex is permitted to convey without limitation the right to use such processes or was it intended to merely assure to Purex the right freely to carry on its business in material under the patent, and (3) whether the grant to Agrashell of the sole and exclu-

sive right to enforce the exclusivity of such rights together with all claims for damages for past infringement negates the existence of any right to Purex to sue independently of Agrashell and shows an intent to convey the whole patent right to plaintiff to the exclusion of any interest in Purex, etc., etc. These are purely questions of law. No paragraph of the agreement is ambiguous and parole evidence would not be admissible to vary or contradict it.

■ Lastly, plaintiff submits that since Purex has refused to join as a plaintiff in this action it should be added as an involuntary plaintiff pursuant to Rules 19(a) and 21. While it is true that a court "when it finds it lacks jurisdiction for want of an indispensable party, may under appropriate circumstances grant leave to amend and bring in the indispensable party," Agrashell, Inc. v. Hammons Products Company, 352 F.2d 443, at 447 (8th Cir.1965), plaintiff has neither asked that Purex be joined nor has it made any motion, and we presume it has no intention since after it obtained an assignment from Purex of all its right, title and interest in the patent in 1965 it instituted in this court a new suit against this defendant based upon such assignment. See 65 Civ. 2011. Even if it could, or did, join Purex, Purex would have no rights to the patent because of the assignment.

This problem of joining Purex was litigated and passed upon in the Missouri action (352 F.2d at 447-448). "The right of the plaintiff to recover depended upon its right at the inception of the suit and the nonexistence of a cause of action when suit was started is a fatal defect which cannot be cured by the accrual of a cause of action pending suit." Switzer Bros., Inc. v. Byrne, 242 F.2d 909 (6th Cir. 1957).

There being no triable issue of fact defendant is entitled to judgment.

Settle order.